EZRA B. LAKE AND THE OCEAN CITY WATER COMPANY
    v. OCEAN CITY AND THE PEOPLE'S WATER COM-
    PANY, &c.

Argued June 14, 1898—Decided October 31, 1898.

1. The word "reconsideration," occurring in a statute respecting the re-
   passage of vetoed ordinances, is to be given its ordinary meaning, not
   the artificial one it has acquired in parliamentary usage.
2. A municipality that may lawfully consent to the formation of a private
   corporation for certain public purposes, may lawfully condition its
   consent upon terms protective of such public interests and germane to
   the subject.

*33 Vroom.* Lake v. Ocean City.

On *certiorari.*

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutor, *David J. Pancoast.*

For the defendants, *William J. Kraft.*

For Ocean City, *George A. Bourgeois, Jr.*

The opinion of the court was delivered by

GARRISON, J. This *certiorari* brings up an ordinance of Ocean City by which it consented that certain persons therein named become a body politic for the purpose of supplying Ocean City and its inhabitants with water. The consent is qualified by sundry stipulations. By the return it appears that the ordinance, after its final passage by city council, was vetoed by the mayor and thereafter was adopted over the mayor's veto by a vote of five to one. This re-adoption is said by the prosecutor to be inefficacious because the statute, from which Ocean City derives its organic law, provides that after the veto of an ordinance it shall be reconsidered, "and if, on reconsideration, it shall pass the common council by a vote of two-thirds, it shall take effect notwithstanding such objection." The argument upon this point is thus stated by counsel: "The reconsideration of an ordinance makes it of no effect, and as if it had never been put upon its passage; and it must be taken up *de novo* and read and considered anew, accordingly." This construction of the statutory law arises from and is based upon the effect given by parliamentary usage to a vote "to reconsider." This use of this word is highly artificial, and the radical effect given to the parliamental proceeding is doubtlessly due to the withdrawal of support from a measure by one of its previous supporters leading to a voluntary recall of the entire measure. There is nothing to lead to the importation of this significance into the construction of a statute dealing with the compulsory re-

turn of an ordinance under the veto power. The rule for statutory. construction is to give to words their ordinary rather than their extraordinary meaning, unless constrained by the context. To consider means "to think with care" upon a matter, hence reconsideration means thinking again upon it with care. All that the context suggests is that the occasion will direct the care according to the nature of the objections to the measure. The mode of this exercise of care is neither prescribed nor implied, so that there is nothing that compels a re-introduction of the ordinance or that prevents its repassage as it stood after its first and second readings, as was done in the present case.

A second objection to this ordinance is that the consent given by the city to the other defendant is qualified by certain stipulations. As I read them, these stipulations are all germane to the subject and are the terms upon which the proposed company may accept the city's consent. Since the *quære* of the present Chief Justice, in *Davis* v. *Harrison*, 17 *Vroom* 79, it has been generally understood that a municipality that may lawfully consent to the formation of a private corporation for certain public purposes may lawfully condition its consent upon terms protective of such public interests and germane to the subject. If the persons upon whom the stipulations impose terms do not complain it is difficult to see how others are affected otherwise than beneficially. The assumption that wrested from the consent, the terms constitute a contract on the part of the city, is not tenable.

Lastly, it is said that in dealing with the unformed company everything in the ordinance except the mere consent to its formation was *ultra vires* under the decision of this court in Stevens *v.* Merchantville, rendered during this present term.

The distinction is between contracting with a person not in existence and consenting that some person may come into existence upon certain conditions or not otherwise. The mere statement of the first proposition is a species of jargon,

whereas the latter has both legislative sanction and judicial approval.

Upon none of the grounds pressed does the ordinance fall. The *certiorari* will be dismissed, with costs.