## JAMES M. BRYANT *vs.* CITY OF PITTSFIELD.

Berkshire.    September 8, 1908. — October 19, 1908.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Statute,* Acceptance. *Pittsfield. Eminent Domain. Damages,* For property taken or injured under statutory authority. *Water Supply. Watercourse.*

St. 1892, c. 185, by which an additional water supply for the city of Pittsfield was authorized, provided that it should not take effect " until accepted by a two-thirds vote of all the members of each branch of the city council of said city, taken by yeas and nays and approved by its mayor." In an action, in which it was material to show that this statute was accepted by the city, the records of the board of aldermen and of the common council showed that the statute was " adopted . . . by a two-thirds aye vote." *Held,* that the language of such a record of a legislative body is to be construed favorably to the validity of the action if it is fairly susceptible of such a construction, and accordingly that, although the records here were not so explicit as they ought to have been, they would be interpreted to mean that the act was accepted in accordance with its terms.

It is within the power of the Legislature to authorize a taking of property under the right of eminent domain without the use of any writing by an act *in pais* which purports to be done under the authority of the statute and which clearly indicates an intention permanently to appropriate the designated property to a public use.

Under St. 1892, c. 185, authorizing an additional water supply for the city of Pittsfield, which is silent as to the manner of taking the waters named, and contains no requirement in terms that any certificate or other writing should be filed in the registry of deeds, and, after making provision for taking the waters of certain brooks for a water supply, authorizes the city " for this purpose to take, by purchase or otherwise, any lands on or around any of said brooks, and any water and water rights connected therewith," the taking by the city of a deed of land on one of the brooks named in the statute, with the right to lay a pipe and construct an aqueduct, the erection of a dam across the brook and the construction

of a reservoir there, the diversion of the water of the brook into a ten inch main and conducting it for use by the inhabitants of the city, all these things being done professedly under the authority of the statute, constitute a taking of the water of the brook within the meaning of the statute.

In an action of tort against a city for an alleged unlawful diversion of the water of a brook, the plaintiff cannot recover the compensation to which he is entitled under a statute authorizing the defendant to take the water of the brook for a water supply.

TORT for the alleged unlawful diversion of the water of Hathaway Brook which before such diversion flowed through the land of the plaintiff at Dalton. Writ dated December 29, 1906.

The defendant's answer, in addition to a general denial and setting up the statute of limitations, alleged that the acts complained of by the plaintiff were done by the defendant under the authority conferred upon it by St. 1892, c. 185.

In the Superior Court the case was tried before *Hitchcock*, J. The material facts shown by the evidence sufficiently appear in the opinion. The plaintiff asked the judge to make certain rulings among which were the following:

" 7. There has been no legal taking of the waters of Hathaway Brook under the provisions of chapter 185, of the Acts of 1892, and the defendant is liable in this action for all damages which the plaintiff has suffered either by the taking of the waters of said brook or for injury to his premises from the operation of the dam constructed by the defendant.

" 8. The defendant has never legally accepted said chapter 185, and all acts done by the defendant under the provisions of said chapter are illegal and void."

The judge refused to make these rulings. He ruled that the plaintiff could not recover on his first count which alleged the diversion of the water of the brook, and could not recover for the taking of the water of the brook. He submitted the case to the jury on the second and third counts which contained allegations of injuries to the plaintiff's land from the wrongful discharge upon it of waters from the defendant's reservoir. The jury returned a general verdict for the defendant; and the plaintiff alleged exceptions.

*H. C. Joyner*, for the plaintiff.

*M. B. Warner*, for the defendant.

KNOWLTON, C. J. The principal questions argued in this

case are whether the St. 1892, c. 185, was duly accepted by the city of Pittsfield, and whether the act authorized the city, through its board of public works, to take the water of the brook without some formal proceeding in writing, by vote or otherwise, to show the acquisition of a title to the water.

The records of the board of aldermen and of the common council are substantially alike in regard to the action upon the statute, and both show that it was "adopted . . . by a two-thirds aye vote." While these records are not so explicit as they ought to be, their meaning seems to be that the act was adopted according to its terms. To give it effect, it was necessary to adopt it by a two thirds vote of all the members of each branch of the city council, voting by yeas and nays. A reasonable presumption is to be made in favor of the action of a legislative body. The language of a record is to be construed favorably to the validity of the action, if it is fairly susceptible of such a construction. *Wells* v. *Battelle,* 11 Mass. 477, 481. *Briggs* v. *Murdock,* 13 Pick. 305, 316. *Wallace* v. *First Parish of Townsend,* 109 Mass. 263. The present case is very similar to *McCormick* v. *Bay City,* 23 Mich. 457, in which the record was held sufficient.

A question of more difficulty is whether the statute can be construed as authorizing a taking of the water of the brook without something in writing which purports to work a change of title to the water. We have no doubt of the power of the Legislature to authorize a taking of property under the right of eminent domain without the use of any writing, by an act *in pais* which purports to be done under the authority of the statute, and which clearly indicates an intention permanently to appropriate the designated property to a public use. Of course, to give validity to a taking, there must be a provision for compensation to the owner, after sufficient notice, formal or informal, and an opportunity of being heard. See *Appleton* v. *Newton,* 178 Mass. 276. The statute before us is silent as to the manner of taking the waters, and there is no requirement in terms that any certificate or other writing be filed in the registry of deeds. After the provision for taking the waters of the brook for a water supply, the city is authorized "for this purpose to take, by purchase or otherwise, any lands on or around

any of said brooks, and any water and water rights connected therewith." This language seems to point more directly to a paper title by a formal vote, or by purchase or otherwise, than the language that precedes it. But this relates only to the lands on or around the brooks and any water or water rights connected therewith, while the waters of the brooks themselves are referred to earlier, with a general provision for taking them and conveying them " to, into and through the city of Pittsfield." Most statutes in this Commonwealth, and especially those of recent enactment, have been so framed that a title could not be acquired without something more than a mere taking by the physical act of diverting and appropriating the water. There are good reasons why a taking that changes the title should be witnessed by something in writing which may be found of record, either in the registry of deeds or upon the books of a corporation. It is only when the statute plainly permits a taking by a mere act *in pais*, and when the act is of such a kind as to show with reasonable definiteness what is taken, that a title can be acquired in this way, without a formal act of taking other than the physical appropriation of the property. The subject is discussed at length, with a review of the authorities, in the case of *Gloucester Water Supply Co.* v. *Gloucester*, 179 Mass. 365, in which it was held that the equivocal act of temporary public use of water for about a year, professedly under the authority of a statute, did not constitute a taking. So it was held in *Warren* v. *Spencer Water Co.* 143 Mass. 9, that the physical diversion and appropriation of the water under the authority of a statute did not constitute a valid taking. But in each of these cases the statute called for the filing of a description in the registry of deeds, showing what was taken. In *Brickett* v. *Haverhill Aqueduct Co.* 142 Mass. 394, it was held that there was a valid taking, although there was no formal vote to take, or other writing purporting to change the title. The case of *United States* v. *Lynah*, 188 U. S. 445, 468, 469, tends somewhat to support the contention of the defendant in the present case.

Under the present statute, we are of opinion that the taking of a deed of land on the brook, with the right to lay a pipe and construct an aqueduct, and the erection of a dam and the construction of a reservoir on the brook, and the diversion of the

water of the brook into a ten inch main and conducting it for use by the inhabitants — all these things having been done professedly under the authority of the statute — constitute a taking of the water within the meaning of the act. There is no question that the plaintiff had seasonable notice of the taking and an opportunity of being heard upon the question of compensation. The statute contemplated such a taking that the plaintiff and others interested would have proper notice of it. *Appleton* v. *Newton*, 178 Mass. 276. The plaintiff testified that he agreed with the board of public works upon a sum to be paid him as damages. The judge rightly refused to rule that there had been no legal taking of the waters of the brook.

As this is an action of tort for an unlawful diversion of the water, the plaintiff cannot recover in it the compensation to which he was entitled under the statute.

*Exceptions overruled.*