## Tuell & Tuell v. Meacham Contracting Company.

(Decided October 31, 1911.)

### Appeal from Henderson Circuit Court.

1.  Ordinances—Reconsidering Vote by Which Defeated.—An ordinance providing for the improvement of a street was passed on its first reading, May 4th.  On June 1st following, it was read the second time, but failed of passage.  On August 3rd, following, it was again brought up, the vote by which it was defeated reconsidered, and receiving the requisite number of votes was passed.  Held, that the council had the right at a subsequent meeting to reconsider its action by which the ordinance failed of passage, and receiving the requisite number of votes, it became a valid ordinance.

2.  Same—Passed in Compliance With Statute.—The ordinance was passed in compliance with the statute, and the public had two meetings at which their objections to it were, or might have been heard, and its validity should be upheld.

MONTGOMERY MERRITT & N. P. TAYLOR for appellants.

YEAMAN & YEAMAN for appellee.

Opinion of the Court by Judge Lassing—Affirming.

Henderson is a town of the third class. On May 4, 1909, the common council of said town passed on its first reading an ordinance providing for the improvement of a certain street. On June 1, 1909, the ordinance was again publicly read, but failed to receive the required number of votes. On August 3rd, following, the ordinance was again brought up and the vote of June 1st, by which it failed of passage, was reconsidered. At this meeting it received the requisite number of votes and was passed. The statutory requirements were complied with and the improvement of the street undertaken. The appellants declined to pay the assessment against their property for this improvement and the appellee company instituted a suit to enforce its lien, as provided by Secs. 3449 and 3453, Kentucky Statutes. These property owners defended upon the ground that the ordinance under which the improvement was made was void, it being contended that, when the ordinance failed of its passage on June 1st, it became a dead letter and the council was without right or authority to thereafter consider this action of June 1st and again read and put the ordinance upon its passage. The trial judge was of the opinion that council had the right at a subsequent meeting to reconsider its action by which the ordinance failed to receive the requisite votes to pass it, and hence, that it was a valid ordinance. From the judgment so holding this appeal is prosecuted.

Section 3279, Kentucky Statutes, provides how the common council in cities of the third class may pass an ordinance. This section is as follows:

"No ordinance shall take effect and be binding until the same shall have been twice publicly read and passed by the common council at two sessions, held on different days, a majority of those present voting for same on both passages, the yeas and nays being called and entered upon the journal: Provided, however, That all ordinances requiring the improvements of streets and alleys, or the construction of sewers, or fixing salaries, or prescribing penalties, or fixing the rate of taxation, or amount of licenses, or appropriating money, where the sum appropriated is in excess of one hundred dollars, shall, on each passage, receive the votes of two-thirds of all the councilmen then elected, the yeas and nays being called and entered on the journal."

It is not denied that the ordinance in question was twice publicly read and passed by the common council at two sessions held on different days, and that on each occasion it received the necessary two-thirds vote; so that, unless the council was without authority on August 3rd to reconsider its vote of June 1st, when the ordinance failed to pass by the required two-thirds vote, the judgment must be affirmed.

The statute prescribes no particular set of parliamentary rules by which the common council must be governed, nor had the council itself adopted any such rules. Still, it is necessary that council should proceed along some fixed, reasonabe and recognized rule; and if their action comes within this requirement it must be upheld. The statute simply requires that the ordinance should be publicly read at two meetings, held upon different days, and that it should receive upon each of said occasions a two-thirds vote. The object of requiring the ordinance to be publicly read is to give the public notice that the council is proceeding in a matter in which the public is or may be interested.

It is urged for appellee that here the ordinance was publicly read, not twice, but three times, and the fact that it failed of passage upon its second reading was in no wise prejudicial to appellants, and that by reason of the failure of the ordinance to pass upon June 1st they were given an additional opportunity to be heard. As opposed to this, it is insisted for appellants that when the ordinance upon its second reading failed to pass they had a right to, and did, regard the matter as settled, and gave it no further attention; and that, in again taking it up on August 3rd, and passing it, an undue advantage was taken of the property holders.

The whole question resolves itself into this, had the council, under the rules ordinarily observed by legislative bodies, the right to reconsider its action of June 1st after the lapse of two months? This is the first time this precise question has been presented to this court and the opinions of other courts upon it are not uniform.

In Jersey City, etc., Ry. Co. v. City of Passaic, 68 N. J. L., 110, it is held that:

"When an ordinance is stayed in its progress to a final passage through a failure of proper continuances by the council or other municipal body, it dies with the end of the last vitalizing action. There must be continuity in such municipal action."

The question involved there was the validity of an ordinance where it had been twice read and then the further consideration of it postponed for thirty days. At the expiration of the thirty days there was no meeting of council, but soon thereafter the ordinance was taken up and passed. The court held that the ordinance was void for the reason indicated.

The ruling in this opinion supports the contention of appellant. The defeat of the ordinance on June 1st was even more than a lack of action, for it was an action against the ordinance.

In People ex rel. John C. Locke, et al, v. City of Rochester, 5 N. Y. R. (Lansing) 11, the validity of an ordinance was assaulted upon the following state of facts: On the 5th of October the council adopted a resolution, declaring it expedient to construct a certain sewer, and directed the clerk to publish the notice requiring all persons interested in the improvement to attend the meeting of the council on October 19th at 7:30 P. M., to the end that they might give the council their views in regard to this improvement. In obedience to said resolution the notice was published. On October 19th, at the time specified, persons interested in the improvement appeared before council and opposed the construction of the sewer, and an ordinance directing said improvement to be made was presented to the council. A vote was then taken and it was lost, a majority of the members voting against it. The meeting was adjourned until the next evening. At the meeting on the evening of October 20th, the vote of the previous meeting, by which the ordinance was defeated, was reconsidered, upon motion of one of the aldermen who voted with the minority on the question of adopting the ordinance. Further action on the ordinance was then postponed until the next regular meeting, which was held on November 2nd, and the clerk was directed to give notice that persons interested in said sewer would again be heard. This notice was regularly published. It transpired that November 2nd was election day, and a majority of the councilmen failed to attend, so no meeting was held. But on the 3rd of November the meeting was held, and upon this occasion the ordinance was passed by a vote of twenty-three to two. The validity of this ordinance was assailed upon four grounds. First, the reconsideration of the vote by which the ordinance was defeated at the meeting on October 19th was by one not voting with the majority; second, it was claimed that

there was a misdescription in the ordinance of the proposed improvement; third, that the council had failed to afford those interested an opportunity to be heard on the 2nd or 3rd of November; and fourth, the ordinance was not passed at either a regular or adjourned meeting of the common council, but at one held without complying with the rules. The court held that, as the meeting of October 19th was duly adjourned until the evening of the 20th, any business which could have been done on the 19th could have been done on the 20th. It also held that—

"It was unquestionably competent for the board to reconsider the vote by which the ordinance was lost. Parliamentary law requires that the motion to reconsider be made by one who voted with the majority on the motion proposed to be reconsidered. But whether this shall be insisted on or dispensed with, and the motion made by one voting with the majority, rests exclusively in the discretion of the body whose action it is proposed to reconsider, and no other tribunal has a right to treat a reconsideration thus moved for as void. A majority could dispense with the rule requiring the reconsideration to be moved by one who voted with the majority, and if the majority treat the motion as regularly made, it is to be considered as a tacit suspension of the rule. The members of the body alone have the right to object to the violation of the parliamentary rule."

The second ground need not be noticed.

As to the third the court said:

"Fair dealing required that notice should have been given of the intention to reconsider and to pass the ordinance for doing the work. The notice for the 22nd of November misled the parties interested, and prevented them from again presenting these objections to the common counsel against the sewer. But one opportunity had been afforded them; it must be presumed they then presented all the considerations which existed against the justice or propriety of making the sewer. The charter requires but the one notice, and it was purely a matter of discretion whether another hearing should be allowed."

The court held this ordinance valid.

In McGraw v. Whitson, 69 Ia., 348, the validity of an ordinance was assailed upon the following state of facts: It had been twice read and passed by one council. This council then went out of office and was succeeded by a new council; and the new council put the ordinance upon its third reading, and passed it. The court held that a coun-

cil was a continuous body, and that this change in its membership did not affect the validity of the ordinance.

It was shown in that case that council had adopted Roberts' Rules of Order; and that, according to one of these rules, all unfinished business fell to the ground when the term of service of the outgoing aldermen expired, and that the ordinance was invalid upon this ground. In response to this contention the court said:

"If we should concede that the rule in question became applicable, the most that could be said is that the council violated one of its own parliamentary rules. But if the statute was complied with, as we hold it was, in the passage of the ordinance, we think it was valid."

This last rule is in accord with that announced by this court in Reuter v. Meacham, 136 Ky., 1028, in which it is said:

"The courts are not required to recognize all parliamentary rules that may be adopted by a body of legislative functions."

We are of opinion that inasmuch as the ordinance in question was passed in compliance with the requirements of the statute, and the public had two meetings at which their objections to the ordinance were or might have been heard, the validity of the ordinance should be upheld. It is not shown that between June 1st, when it was defeated, and August 3rd, when it was passed, conditions had in any wise changed. This being true, appellants are in no more condition to complain than they would have been had the motion to reconsider been made and passed upon the night when the ordinance was defeated. Council unquestionably has a right to reconsider its action at any time, provided the motion is made within a reasonable time. What would be a reasonable time must depend upon the facts and circumstances of each particular case. In the case at bar we hold that two months was a reasonable time. This being in accord with the finding of the Chancellor, the judgment is affirmed.