# Charles L. Rogers, Appellant, v. City of Mendota, Appellee.

## Gen. No. 6,151.

1. PARLIAMENTARY LAW—*what is proper action by legislative body when measure returned with veto*. Under parliamentary rules, the proper action to be taken by a legislative body when a measure adopted by it has been returned to it by a veto of the proper authority, is to move to reconsider the vote by which the measure was adopted.

2. PARLIAMENTARY LAW—*what is proper action after adoption of motion to reconsider vetoed measure*. Where the majority of a legislative body adopt a motion to reconsider a vetoed measure, it is then proper to move that the measure be adopted notwithstanding the veto, or that it be passed over the veto.

3. PARLIAMENTARY LAW—*when measure adopted over veto*. Where the required majority adopt a motion that a vetoed measure which has been reconsidered be adopted notwithstanding the veto, the passage of ordinances over veto of the mayor, made for-

4. MUNICIPAL CORPORATIONS, § 85*—*what is effect of departure from form prescribed for passage of ordinance*. Departure from the form prescribed for the passage of an ordinance will not affect the validity of such action unless the governing law makes such formality vital.

5. MUNICIPAL CORPORATIONS—*what constitutes a reconsideration of vetoed ordinance*. In an action by a mayor to recover salary due him, in which it was contended that an ordinance reducing the salary of the mayor was invalid because a motion to reconsider the vote by which the ordinance was originally passed was not made before adopting the ordinance over the mayor's veto, *held* that as neither the general act for the incorporation of cities, article III, sec. 19 (J. & A. ¶ 1319), nor a city ordinance governing the passage of ordinances over the veto of the mayor, made formality vital, the action of the city counsel, upon the ordinance being returned by the mayor, in making, seconding and carrying a motion by a vote of six to one that the ordinance be passed over the mayor's veto, constituted in effect a reconsideration and the ordinance was consequently lawfully passed.

Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 14, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number

McDOUGALL & CHAPMAN, for appellant.

B. HARRY RECK, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Charles L. Rogers became Mayor of the City of Mendota on May 5, 1913, and was still serving as such when this suit was begun. Up to March, 1913, there was in force in said city an ordinance which fixed the salary of the mayor at $75 per quarter. In March the city council passed an ordinance making the salary of the mayor $60 per year. The mayor vetoed it and an attempt was made to pass the ordinance over his veto. The new mayor would not accept the reduced salary and the city council claimed that the ordinance reducing the salary had been lawfully passed over the mayor's veto. On February 6, 1914, the mayor brought this suit against the city to recover the salary then due him and filed an appropriate declaration, to which the city pleaded the general issue. A jury was waived and the cause was tried upon a stipulation as to the facts. If the plaintiff is right, he was entitled to a judgment for $225; if the city is right, he was entitled to a judgment for $45. The court entered judgment for $45, and plaintiff below appeals.

The record of the city council shows that after the mayor returned the ordinance with a veto message, a motion was made that the ordinance be passed, notwithstanding the mayor's veto, and that said motion was adopted by a vote of six to one, the yeas and nays being entered of record. It was stipulated that that action was preceded by the following, which was not entered of record: Upon the presentation of the veto message, an alderman moved that the vote by which said ordinance was passed be reconsidered for the purpose of passing the same over the mayor's veto; that

another alderman seconded said motion; that the mayor declared said motion out of order and refused to .entertain it; that the alderman who made the motion then appealed from the decision of the chair; that the mayor refused to entertain said appeal, but announced that if the council wished to pass said ordinance the proper motion was that the ordinance be passed notwithstanding the mayor's veto. Thereupon the maker of the original motion moved that said ordinance be passed notwithstanding the veto, which motion was seconded and carried by a vote of six to one, and the mayor then announced that the ordinance was passed over the veto. The sole question is whether the ordinance could be again put upon its passage and adopted without a motion to reconsider the vote, by which the ordinance was originally adopted, being passed.

By parliamentary rules the proper action to be taken by a legislative body when a measure adopted by it has been returned to it with a veto by the proper authority, is to move to reconsider the vote by which the measure was originally adopted. If a majority of the legislative body adopt the motion to reconsider, it is then proper to move that the measure be adopted notwithstanding the veto, or that it be passed over the veto. If the required majority adopt that motion, the measure is adopted; if not, the veto stands. The City of Mendota is organized under the general act for the incorporation of cities. (J. & A. ¶ 1271 *et seq.*) Section 19 of article III of said Act (J. & A. ¶ 1319) is as follows: "Upon the return of any ordinance by the mayor, the vote by which the same was passed shall be reconsidered by the council; and if, after such reconsideration, two-thirds of all the members elected to the city council shall agree, by yeas and nays, to pass the same, it shall go into effect, notwithstanding the mayor may refuse to approve thereof. The vote to pass the same over the mayor's veto shall be taken by

yeas and nays, and entered on the journal.'' There was in force in the City of Mendota an ordinance in substantially the same language. No vote to reconsider was adopted in this case. The appellant contends that therefore the ordinance was never adopted.

It is said in McQuillan on Municipal Ordinances, sections 115 and 116, that departure from the form prescribed for the passage of an ordinance will not affect the validity of such action unless the governing law makes such formality vital, as, by declaring the ordinance void unless the form prescribed be followed; and that the courts generally regard noncompliance with merely formal requirements in the manner of enacting an ordinance no ground for declaring it void. Here, neither the statute nor the ordinance on that subject declare the ordinance void unless a formal vote to reconsider be first adopted. The proper motion was made. The vote by which the ordinance was passed over the veto shows that the motion to reconsider would have been adopted if it had been put. It is not to be expected that aldermen will be experts in parliamentary law. The objection is purely technical. Six of the seven aldermen desired and intended to reconsider the vote and pass the ordinance. To reconsider does not necessarily require a formal vote. We are of opinion that the true rule to be followed by the courts in construing such action was stated in *Lake v. City of Ocean City,* 62 N. J. L. 160, and *Oakley v. City of Atlantic City,* 63 N. J. L. 127. See also, *Mann v. City of LeMars,* 109 Iowa 251; *Whitney v. Village of Hudson,* 69 Mich. 189; 28 Cyc. 352. We do not consider that *People v. Chicago, B. & Q. R. Co.,* 266 Ill. 150, relied upon by appellant, is applicable. There the city council not only did not move to reconsider the ordinance there vetoed, but it did not have a motion to pass the ordinance notwithstanding the veto. On the contrary it proceeded to prepare and pass new provisions not contained in the original ordinance, and these new pro-

visions were held not lawfully adopted. In *Fairfield v. People,* 94 Ill. 244, on pp. 259, 260, where a mayor had vetoed certain items of an appropriation ordinance, and the council had passed most of said items over the veto, and nothing is said about a motion to reconsider, and apparently there was no such motion, the court said that it considered that the subsequent action of the council ''amounted in law to an adherence to appropriations previously made, the mayor's veto to the contrary notwithstanding.'' We are of the opinion that the action of the city council in taking up the matter and voting upon it after the mayor had vetoed the ordinance should be held as in legal effect a reconsideration, and as this was done by a two-thirds vote, the ordinance was lawfully passed over the mayor's veto. The judgment is therefore affirmed.

*Affirmed.*