**HUMPHREY et, Plaintiffs-Appellants, v. YOUNGSTOWN (City) et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3788. Decided October 6, 1955.

240

Carl Armstrong, R. R. Thombs, Youngstown, for plaintiffs-appellants.

Felix S. Mika, Law Director, Joseph L. Heffernan, Asst. Law Director, Youngstown, for defendant-appellee, City of Youngstown.

Warren E. Grant, Youngstown, for defendant-appellee, John Kane.

By PHILLIPS, PJ.

Mellinger, part owner with plaintiffs of a several hundred acre tract of land situated in Youngstown, Mahoning County, Ohio, on which a large number of residences are situated, applied to the Council thereof to rezone his land from a residence to an industrial zone.

The Planning Zoning Commission of that city recommended to the Council thereof that Mellinger's application be granted, and that the Mellinger's land and that of others be likewise rezoned.

On December 23, 1952, an ordinance prepared in conformity with the recommendation of the Zoning Commission was introduced in the Council of the City of Youngstown, and after having been read once was laid on the table by duly passed motion.

On second reading on December 29, 1953, the ordinance was tabled again by unanimous vote of council.

By motion duly made at a special meeting of council held on June 21, 1954, the ordinance was read a third time and passed by a vote of four to three.

Duly enacted Youngstown City Ordinance number 51362, adopted in 1950, governing zoning rules of procedure, was at the time the rezoning in question was made and still is unamended and unrepealed.

Plaintiffs commenced an action in injunction and to void such ordinance in the court of common pleas in behalf of themselves and other owners of such land, claiming there as they claim by brief here:—

"* * * that the zoning classification of the area involved was illegal and contrary to law and the constitution of the State of Ohio and that the trial court was in error in the following particulars:

"No. 1. In holding that when the Council of the City of Youngs-

town took the rezoning ordinance from the table such action amounted in substance to a suspension of the Rules of Council and that such action indicated the intention of the Council to suspend the Rules contained in the ordinance so that this rezoning ordinance could be passed and, as said by the Trial Court 'the courts must give effect to the obvious intention of the legislative branch of the city government.'

"No. 2. That when the City of Youngstown adopted a general zoning ordinance some 25 to 30 years ago it invited property owners to build their homes in the area affected by this zone change and when in response to that invitation these appellants and others similarly situated in the area built their homes relying on the zone classification theretofore made by the city said property owners acquired certain rights that are protected by the Constitution of the United States and the Constitution and Laws of the State of Ohio."

The trial judge dismissed the injunction and held the ordinance validly enacted and in full force and effect, and it is from that action and judgment of the trial court that plaintiffs appealed to this court on questions of law.

With reference to their first assigned ground of error plaintiffs stated by brief:—

"The court on the trial indicated that he was not much impressed with the first issue and would be reluctant to invalidate the ordinance in question on the ground of abuse of discretion. Accordingly plaintiffs feel that to present a discussion of this issue further would be fruitless and so, without abandoning it, we content ourselves with merely bringing it to the attention of the court."

In support of their second assigned ground of error plaintiffs argue:—

"* * * that under the rules of council adopted by the formal enactment of Ordinance No. 51362, the rezoning ordinance in question when once laid on the table was finally disposed of, and the council was without lawful authority to lift it from the table and thereafter pass it, and that as a consequence the ordinance is invalid and of no effect in law.

"* * * In summation we wish to say that Ordinance No. 51362 was a formal enactment of law by the City Council with as much legal dignity, authority and force as the statute or Youngstown Charter; that it could only be repealed or amended by legislative action of equal importance or formality as the original enactment of said Ordinance No. 51362; that rules contained in Ordinance No. 51362 could not be ignored in the subsequent enactment of municipal legislation; that when the rezoning ordinance in question was laid on the table it was finally disposed of, as if it had never been introduced in Council, or as if it had received a final negative vote resulting in its failure to pass; that when the City Council, almost a year after it had laid this rezoning ordinance on the table, attempted to remove it from the table by motion, such action was completely illegal and void and of no effect; the ordinance was dead and no legislative hocus-pocus could again breathe the breath of life into it or result in the accomplishment of the legislative miracle of restoring it to life."

Briefly plaintiffs claim that because the Council of the City of

Youngstown departed from its own rules in adopting the ordinance it is illegal and void notwithstanding the ordinance was legally adopted in all other respects; and that since the ordinance in question was laid on the table by such council that thereafter it could not lift it from the table and pass it.

Defendants contend first that Rule 27 of such ordinance was merely a parliamentary rule which council of the City of Youngstown could observe, ignore, or by taking action contrary thereto could indirectly and inferentially abrogate.

Rule 27 as applicable provides "the motion to lay on the table shall dispose finally of the legislation against which it is invoked * * *."

Defendants contend that the second question in the case presented by plaintiffs' appeal is:—

"In view of Section 24 of the Zoning Ordinance, which establishes the right of a property owner to apply for a change in relation to his own property, is a petition by a property owner the sole means of effecting a change, or may the city itself, acting through the Council, initiate a change?"

Defendant city suggests by brief:—

"Counsel for the plaintiffs argue that when an ordinance is laid on the table it is finally disposed of, that there are only two ways that such an ordinance can again be brought to the consideration of the council, that one way is by reintroducing the ordinance as a new ordinance, and that the other is by motion to suspend the rules and lift the ordinance from the table."

That contention presents the question of what discretion the council has in adhering to and changing its own rules.

It is said in **30 O. Jur. 693**:—

"The fact that procedure is not in all respects in accordance with the rules of parliamentary law is not fatal to the action of the body, if the procedure was all that the statute requires, especially in the case of proceedings of a village council."

See also **28 O. Jur. 288**, Municipal Corporation; **Madden v. Smeltz,** 2 O. C. C. 168, 1 O. C. D. 424.

The case of Madden v. Smeltz, supra, is distinguished from the one under consideration by the fact that in that case the council operated under general rules established in parliamentary law whereas council of the city of Youngstown adopted its own rules. However, in our opinion the principle announced in the case of Madden v. Smeltz, supra, is applicable to both cases.

"It is not to be expected that the technical rules of parliamentary law, which are enforced for the convenience in governing and controlling legislative bodies, should be vigorously applied to the proceedings of a Village council." Madden v. Smeltz, 1 O. C. D. 424 at 427.

"The power to make rules is not one which once exercised is exhausted. It is a continuous power, always subject to be exercised by the house, and within the limitations suggested, absolute and beyond the challenge of any other body or tribunal." United States v. Ballin, 144 U. S. 1 at page 5.

The foregoing decision is supported by the decision rendered in the

case of State, ex rel. v. Moore, 124 Oh St 256, where it is said at page 258:—

"* * * The situation is therefore exactly the same as if after the passage of the Pringle Act, and within the time limited therefor, a motion for reconsideration had been made and adopted. True, the Marshall Bill was not in form a motion to reconsider. The Marshall Bill was not introduced, as far as the record shows, until after the lapse of considerable time after the Pringle Bill had been signed by the Governor and filed in the office of the secretary of state. The rules of the General Assembly seem to provide that a motion to reconsider should be filed within two days after the previous question is ordered in each house. The two-day rule is a rule of the General Assembly, not prescribed by the Constitution. **Section 8 of Article II of the Constitution** authorizes each house to determine its own rules of proceeding. **Sections 9 and 16** prescribe certain rules which are mandatory, and a failure to observe them might be inquired into by the courts, and if it is found that the Legislature has violated the constitutional limitations it would be within the power of the court to declare the legislation invalid. The provision for reconsideration is no part of the Constitution and is therefore entirely within the control of the General Assembly. Having made the rule, it should be regarded, but a failure to regard it is not the subject-matter of judicial inquiry. It has been decided by the courts of last resort of many states, and also by the United States Supreme Court, that a legislative act will not be declared invalid for noncompliance with rules."

· In the first syllabus of the opinion written in the case of St. Louis & San Francisco R. Co. v. Gill, 11 L. R. A. 452, the court said:—

"That a statute was passed without the observance of the joint rules of the General Assembly, which regulate the passage of statutes, will not make it invalid, as their observance is a matter entirely within the legislative control and discretion, not subject to review by the courts."

In the body of the opinion written in St. Louis & San Francisco R. Co. v. Gill, supra, the court at page 453 said:—

"The joint rules of the General Assembly were creatures of its own, to be maintained and enforced, rescinded, suspended or amended, as it might deem proper. Their observance was a matter entirely subject to legislative control and discretion, not subject to be reviewed by the courts."

"The division of governmental powers among the three departments of government, each of which is separate from the others, and all of which are co-ordinate, is one of the fundamental principles of the American Constitutional system." 76 L. Ed. Page 967.

In the case of McDonald v. State, 50 N. W. 185, the court at page 186 said:—

"When it appears that an act was so passed, no inquiry will be permitted to ascertain whether the two houses have or have not complied strictly with their own rules in their procedure upon the bill, intermediate its introduction and final passage. The presumption is conclusive that they have done so. We think no court has ever declared an act of the legislature void for non-compliance with the rules of

procedure made by itself, or the respective branches thereof, and which it or they may change or suspend at will."

In State v. Savings Bank of New London, 64 Atl. 5, the court at page 9 said:—

"Rules of proceedings are the servants of the House and subject to its authority. This authority may be abused, but when the house has acted in a matter clearly within its power, it would be an unwarranted invasion of the independence of the legislative department for the court to set aside such action as void because it may think that the house has misconstrued or departed from its own rules of procedure."

In the citations under Section 13.42 of McQuillin on Municipal Corporations, pages 524, 526 and 527, we find the following:—

"A city council is not bound to act in accordance with its rules or by-laws but may waive them. Sedalia v. Scott, 104 Mo. App. 595, 78 S. W. 276.

"And this is impliedly done when action is had not in accordance therewith. Bradford v. Jellico, 1 Tenn. Ch. App. 700.

"The mayor and councilmen, or other officers of a municipal corporation, are not usually selected because of their learning in the law, their nice observance of its forms, or their instruction in fine distinctions. If their action is to be subjected to rigid criticism, much of it done in good faith, and in the spirit of their defined authority, would be avoided. Woodruff v. Stewart, 63 Ala. 206, 215.

"The validity of the action of a legislative body will be upheld by the language of the proceedings of the meetings if it is fairly susceptible of such construction. Bryant v. Pittsfield, 199 Mass. 530, 85 N. E. 739.

"Mere departure from form not vital unless law so declares. Rogers v. Mendota, 200 Ill. App. 254, 257, approving McQuillin text."

No rules for the conduct of the council of the city of Youngstown are prescribed by its charter. Accordingly council violated no provision of such charter and since **Article 18, Section 3, Ohio Constitution,** providing Home Rule is silent concerning rules for council governing its conduct in our opinion there has been no violation of the Constitution of Ohio.

However there is a specific expression on the subject in §731.45 **R. C.,** where it is said:—

"The legislative authority of a municipal corporation shall determine its own rules. * * *."

For other cases supporting the principle under discussion see Oakley v. City of Atlantic City, 63 New Jersey Law Report 127, Lake v. Ocean City, 62 New Jersey Law Report 160; United States v. Ballin, supra; and **Decker v. City of Toledo, 56 Oh Ap 344.**

The council of a municipality is a continuing body and remains the same council regardless of changes in its personnel.

"Accordingly proceedings which have been lawfully begun by a preceding council can be prosecuted by succeeding councils until completed and made effective." McQuillin, Volume 4, Section 1340, Page 520.

A new council may proceed where a prior council left off. Van Cleve v. Wallace, 216 Minn. 500, 13 N. W. (2d) 467.

As a continuing body, the council may act on its proceedings until a final determination.

" 'It is the undoubted right of corporate bodies, unless clearly restrained by legislative enactment, to reconsider a vote as often as they see fit, or to rescind the same, provided vested rights are not disturbed, up to a time when by a conclusive vote, accepted as such by itself, a determination has been reached. * * *.' " State, ex rel. McClain v. Cleveland, 8 O. C. D. 357 at 362.

"It is said to be a well-established rule that the action of municipal bodies respecting legislative or administrative matters is not always conclusive and beyond recall, but that they are possessed of inherent power to reconsider their action in matters of that nature, and adopt, if need be, the opposite course in all cases where no vested rights of others have intervened, the power thus to act being a continuing power." **28 O. Jur., Section 161, Page 287.**

In the case being reviewed the evidence discloses, and we hold, that Council of the City of Youngstown adopted the rules in question by motion and not as plaintiffs contend by a duly enacted ordinance.

By brief counsel for defendant City of Youngstown state:—

"When the ordinance for the proposed change in zoning was lifted from the table, the motion was made by Mr. Dolak in a regular meeting. He then moved that it be advanced to third reading. The two motions were made the same way that all motions are made, and they were carried by a majority of the elected representatives of the people of Youngstown."

Mr. Lemon, Clerk of the Council of the City of Youngstown testified from the minutes of the Council thereof as follows:—

" 'Mr. Dolak, Re: Ordinance No. 56155. We have lifted from the table tonight what was the zone change approved by the planning commission. The ordinance was tabled by me because we felt that we did not have enough information. The owner called upon me to give him some definite action on whether or not it would be passed. If council still feel they do not know enough about the ordinance I suggest they contact Mr. Stollman.' "

Now as to plaintiffs' claims of vested property rights acquired by the zoning ordinance adopted by the City of Youngstown "some 25 or 30 years ago" it is said in McQuillin on Municipal Corporations, Volume 8, Section 25.65, page 115:—

"Clearly a municipality vested with the power to comprehensively zone its area must have power to amend its zoning ordinances from time to time where there are substantial changes of conditions, which inevitably occur, and where the amendment has some reasonable relation to the end sought to be obtained, viz., furtherance of the public interest. The reason is that zoning is not static, but it changes with changed conditions and the complexities of the modern age. If the rule were otherwise there would be no progress * * *."

It is apparent from what we have said in this rather lengthy opinion that the judgment of the trial court must be and is affirmed for the reason, as clearly stated by the trial judge, the action of council "amount-

ed in substance to a suspension of the rules and putting the ordinance on its passage." This statement is supported by the case of State, ex rel. Moore, supra, where it is said, as stated elsewhere herein:—

"Having made the rule, it should be regarded, but a failure to regard it is not the subject-matter of judicial inquiry. It has been decided by the courts of last resort of many states, and also by the United States Supreme Court, that a legislative act will not be declared invalid for noncompliance with rules."

"It is not necessary for the body to note on its minutes that the rule has been suspended, there being no objection on the part of any member and all members being present." 30 O. Jur., Section 5, Page 693.

Counsel for defendant-appellee, John Kane, urges by brief that:—

"1. Non compliance of city council with its own rules in the enactment of legislation does not make invalid a legislative act. State v. Moore, 124 Oh St 256.

"2. In the instant case Youngstown city council substantially complied with its rules."

We concur in this statement.

It is apparent from what we have said at some length that the judgment of the trial court must be and is affirmed hereby.

GRIFFITH, J, concurs.
NICHOLS, J, concurs in judgment.