Commonwealth ex rel. Fox *v.* Chace, Appellant.

Argued January 3, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*John A. Reilly,* for appellant.

*R. Paul Lessy,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 13, 1961:

This case involves the legal right of the appellant, Arthur A. Chace, to hold, by appointment, the office of councilman of the Borough of Brookhaven, in the County of Delaware. In an action of quo warranto, the lower court held his appointment to the office illegal and of no effect. Chace appealed.

The issue was tried before the court without a jury. The facts are few and not in dispute.

At a meeting of the council involved, an elected member submitted his resignation which was accepted. Immediately, as disclosed by the official minutes of the meeting, the following occurred: " 'Mr. Christopher nominated Mr. Arthur Chace, seconded by Mr. Waychunas. Mr. Whittington nominated Mr. Skulski but no second was received. A motion to close the nominations was made by Mr. Hensley and seconded by Mr. Phillips. Since only one nominee was seconded

the Secretary was instructed to enter the appointment of Mr. Arthur Chace to fill the unexpired term of Mr. Petit de Mange.' "

The lower court ruled that the Mr. Skulski, referred to in the minutes, was properly nominated to fill the vacancy and that his nomination was not lost because it was not seconded. Citing, Roberts Rules of Order, Revised. Hence, since there was more than one nominee to fill the existing vacancy, a vote should have been taken by the members of the council through which each councilman would have recorded his choice of the two nominees. Failing this no valid election or appointment followed. The court further held, that Section 901 of The Borough Code of May 4, 1927, P.L. 519, as amended, 53 PS §45901, requires such vacancies to be filled by appointment, through a resolution, and that such formal action was lacking in this case.

The lower court erred. There was substantial compliance with the law, and the appointment of the appellant, certainly, reflected the will of the majority of the members of the municipal body.

Under The Borough Code, supra, the borough council has the right to fill an existing vacancy within thirty days after the vacancy occurs. This right should not be defeated through the application of tightly drawn technicalities in the courts.

The important inquiry in a matter of this nature is whether the number, as required by law, have agreed to the particular measure. If this be so, and it is expressed in a way not inconsistent with the statutory provisions, the fact that the niceties of every parliamentary rule have not been followed does not render the act illegal: 4 McQuillin, Municipal Corporations §13.42 (3rd Ed. 1949). This is particularly apropos in the case of proceedings of a borough council. There is no requirement in the borough code,

statute or rule of law in Pennsylvania, prohibiting a borough council from requiring a second on any motion or nomination submitted for its consideration. Neither are they (the members) required to follow any specific rules of order. In the absence of such restrictions, the council has the legal right to adopt its own rules of procedure or parliamentary usage: *Hicks v. Long Branch Commission,* 69 N. J. L. 300, 54 Atl. 568 (1903); McQuillin, Municipal Corporations, supra. Further, rules of procedure are always within the control of the majority and may be changed at any time by a majority vote: *Commonwealth v. Mayor of Lancaster,* 5 Watts 152 (1836). Where such power exists, the rules under which it will proceed may be changed, suspended or waived at its pleasure: *State ex rel. Rylands v. Pinkerman,* 63 Conn. 176, 28 Atl. 110 (1893); *City of Sedalia v. Scott,* 104 Mo. App. 595, 78 S.W. 276 (1904); *Bradford v. City of Jellico,* 1 Tenn. Ch. App. 700; *Rogers v. City of Mendota,* 200 Ill. App. 254. See also McQuillin, on Corporations, supra. The mere failure to conform to some defined parliamentary usage will not invalidate the action when the requisite number of members have agreed on the particular measure: *Humphrey v. City of Youngstown,* 143 N.E. 2d 321 (1955). In addition, unless there is proof to the contrary, any action taken by a municipal body, such as a borough council, is presumed to be in conformity with its own rules: *Masters v. McHolland,* 12 Kansas 17; *Reuter v. Meacham Contracting Co.,* 143 Ky. 557, 136 S.W. 1028; *Tuell v. Meacham Contracting Co.,* 145 Ky. 181, 140 S.W. 159 (1911). In the last mentioned case, the court relied upon *People v. City of Rochester,* 5 Lans. (N.Y.) 11, wherein the facts disclose that at a meeting of a municipal council, a motion to pass a sewer improvement ordinance was defeated. At the next meeting, the ordinance was reconsidered on a

motion of an alderman, who voted with the minority in the original vote. The ordinance passed at the next meeting. The ordinance was subsequently challenged on the ground that the rules of council were not complied with. The court said, at 160 (S.W.): "'Parliamentary law requires that the motion to reconsider be made by one who voted with the majority on the motion proposed to be reconsidered. But whether this shall be insisted on or dispensed with, and the motion made by one voting with the majority, rests exclusively in the discretion of the body whose action it is proposed to reconsider, and no other tribunal has a right to treat a reconsideration thus moved for as void. A majority could dispense with the rule requiring the reconsideration to be moved by one who voted with the majority, and if the majority treat the motion as regularly made, it is to be considered as a *tacit suspension of the rule*.[1] The members of the body alone have the right to object to the violation of the parliamentary rule.'" See also, *Commonwealth v. Mayor of Lancaster*, supra. In *United States v. Ballin*, 144 U. S. 1, 5, 12 S. Ct. 507, 36 L. Ed. 321, the court said: "The power to make rules is not one which once exercised is exhausted. It is a continuous power, always subject to be exercised by the house, and within the limitations suggested, absolute and beyond the challenge of any other body or tribunal." See also, *McDonald v. State*, 80 Wis. 407, 50 N.W. 185 (1891); *Oakley v. Atlantic City*, 63 N.J.L. 127, 44 Atl. 651 (1899); *Decker v. City of Toledo*, 56 Ohio App. 344, 10 N.E. 2d 955 (1937); *Lake v. Ocean City*, 62 N.J.L. 160, 41 Atl. 427 (1898).

In the instant case, there is a total absence of proof that the borough council violated any rules it had previously adopted. In view of this, there is a

---

[1] Emphasis ours.

presumption that it acted in accordance with its own approved procedure. Further, it is crystal clear that every member of the council, except one, willed that appellant, Chace, be appointed to fill the existing vacancy. Only one member desired Mr. Skulski, as indicated by the fact that no one seconded his nomination. No one voiced objection to the procedure followed. Under such circumstances, the procedure may not be declared illegal by a court. See 62 C.J.S., Municipal Corporations, §403.

Nor is the appointment invalid because a formal resolution was not enacted. It is the substance of the act of a governing body that is all important, not the form thereof. In substance, a resolution is merely the formal expression of the will of the majority of an official body: *Scudder v. Smith,* 331 Pa. 165, 200 A. 2d 601 (1938). The substance of the procedure followed herein was manifestly expressive of the will of the majority. The fact that the appointment was not in the form of a resolution does not invalidate its significance. In *Commonwealth ex rel., Aplnt. v. Bitner,* 294 Pa. 549, 144 Atl. 733 (1929), involving the legality of the action of a borough council in filling a vacancy existing in the office of tax collector, the fact that the action was termed a "motion" instead of a "resolution" was held to be immaterial. Therein this Court stated that there is no difference between a motion and a resolution, and that it is the substance of the corporate act, not the form, that governs.

The technical objection of the appellee, as to the form of the objections filed to the lower court's decree is of no legal moment.

The order and decree of the lower court is reversed. The record is remanded with instructions to enter a dismissal of the action, and a judgment for the defendant.

Dissenting Opinion by Mr. Justice Bell:

1. Unless an Act or an ordinance or bylaws or a Resolution or a proper motion otherwise provide, no second to a nomination is required: Roberts, Revised Rules of Order, §66, page 263.

2. The election or appointment of Chace was not by "appointment through a resolution" as required by §901 of The Borough Code of May 4, 1927, supra. There was no evidence that the Borough Council had adopted (a) any rule about an appointment or a nomination or whether it had to be seconded, or (b) that it had waived any statutory requirement or any Councilmanic ordinance or rule. The result is Skulski was deprived of the right the law gives him, and Chace's appointment or election, as the record discloses, was illegal. If Chace is really the choice of a majority of the Councilmen of the Borough of Brookhaven, the Council's error can be quickly corrected by a new and legal vote.