402 A.2d 1343

COMMONWEALTH of Pennsylvania ex rel. LeRoy Z. ZIMMERMAN, District Attorney of Dauphin County, Pennsylvania,

v.

Leah KLEIMAN, Commissioner, Susquehanna Township Board of Commissioners, Appellant.

Supreme Court of Pennsylvania.

Argued April 17, 1979.

Decided May 31, 1979.

422

Jerome H. Gerber and James L. Cowden, Handler & Gerber, P.C., Harrisburg, for appellant.

Joseph H. Kleinfelter, Deputy Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from a judgment of ouster of the Court of Common Pleas of Dauphin County excluding appellant, Leah Kleiman, "from action and participation as a Susquehanna Township Commissioner." We reverse.

On October 12, 1978, the Board of Commissioners of Susquehanna Township[1] consisted of seven commissioners, each of whom represented one of the township's seven wards. Four of the commissioners were Democrats, and three were Republicans. After the Board's regular October 12, 1978 meeting, the commissioner representing the fifth ward, a Democrat, announced his intention to resign and, by mail, so notified each of the six remaining commissioners.

The next scheduled meeting of the Board was October 25, 1978. A few days prior to that meeting each commissioner received a copy of the agenda.[2] The agenda did not mention the resignation of the commissioner for the fifth ward or the filling of the resulting vacancy.

1. Susquehanna Township is located in Dauphin County and is a township of the first class. See First Class Township Code, Act of June 24, 1931, P.L. 1206, art. II, § 201, as amended, 53 P.S. § 55201 (1957).

2. See note 2 on p. 424.

■ The minutes [3] of the October 25, 1978, meeting indicate that when President Buxton declared the time to be 7:30 and called the meeting to order, four of the seven Susquehanna Township commissioners were present.[4] The two remaining commissioners, both Republicans, arrived separately, after commencement of the meeting.

2. AGENDA

SUSQUEHANNA TOWNSHIP        SPECIAL MEETING
BOARD OF COMMISSIONERS     OCTOBER 25, 1978
EDGEMONT FIRE COMPANY
1407 NORTH 25th STREET

1. Acceptance of Bids—Two (2) Police Vehicles
      One (1) Police Motorcycle
2. Mr. Jerry Stahlman—Representing S. G. Diamond Subdivision, Request for time extension.
3. Attorney Edward First—Representing White Advertising Metro, Inc.—Reconsideration of request for Conditional Use.
4. Attorney Sherill Moyer—Representing Mr. Russell Klick to discuss improvements of Valley Road.
5. Any other pertinent business—Commissioners, Solicitor, Manager.
6. Payment of bills.

3. At the time of trial, the minutes of the October 25 meeting had been transcribed and certified as correct by the Secretary-Manager of Susquehanna Township but had not yet been formally approved by the Board of Commissioners.

4. Section 3 of the Susquehanna Township Commissioners By-Laws provide that a majority of the seven member board shall constitute a quorum and that "all actions may be taken by a vote of the majority of the members present, provided those present constitute a majority of the whole board." See also First Class Township Code, 53 P.S. § 55702 (1957) ("A majority of the members of the board shall constitute a quorum.").

At trial and before this Court, appellee argues that the meeting was in fact called to order a few minutes before the appointed time of 7:30 p. m. In its memorandum in support of its order of ouster, the lower court makes no finding of whether it in fact was 7:30 p. m. when the meeting began. The minutes, however, reveal that a quorum was present at the time the President called the meeting to order and that no one then objected to his statement that it was 7:30. Indeed, the commissioners then present all began to conduct business by voting unanimously to change the agenda. Because the meeting was officially called to order and a quorum was present, any business subsequently transacted was proper and of lawful effect. See 53 P.S. § 55702; Susquehanna Township By-Laws § 3.

After calling the meeting to order, the President recognized Commissioner Goldberg who moved "to change the Agenda so we can accept the resignation of a Commissioner and introduce a Resolution." The motion was seconded and passed unanimously by the four Commissioners then present. Commissioner Goldberg then moved to accept the resignation of the fifth ward commissioner. This motion, too, was unanimously approved. The Board then turned to the matter of filling the newly vacant position. The minutes report:

RESOLUTION
78R–12

Commissioner GOLDBERG stated he would like to make a Resolution WHEREAS, a vacancy in the office of Township Commissioners has occurred because of the acceptance of the resignation of DAVID A. SMITH as Commissioner of the Fifth Ward of Susquehanna Township, be it hereby resolved that LEAH KLEIMAN is hereby appointed as successor Commissioner to hold office for the unexpired term of David A. Smith; seconded by Commissioner HARRIS.

Commissioner
D. L. SMITH

"This comes as a complete surprise and the hour is not 7:30 P.M. and I protest wholeheartedly this procedure so early in the game. I recognize that my two Republican cohorts are not here and I don't think this is really—one of them is coming in now." (Commissioner ERNEST took his seat).

Commissioner
GOLDBERG

"Mr. Chairman, I don't believe on a Resolution that there is discussion as it is a Resolution and not a motion and it should not be discussed and I call the question."

President BUXTON stated a Resolution can be debatable, however Commissioner GOLDBERG called the question, is there a second? Seconded by Commissioner HARRIS and carried with Commissioner D. L. SMITH voting NAY. Commissioner D. L. SMITH stated what they are trying to do is appoint a Commissioner so early in the game and you just got here. Commissioner ERNEST stated the Chair should revert to the original situation.

Commissioner D. L. SMITH moved to table the motion. President BUXTON stated the motion to table is in order. Seconded by Commissioner ERNEST. The motion failed with Commissioner ERNEST and Commissioner D. L. SMITH voting in favor and Commission-

er GOLDBERG, Commissioner HARRIS and President BUXTON voting NAY. Therefore, the question on the table is the call of the question on the original motion which was to appoint LEAH KLEIMAN as the Commissioner in the Fifth Ward of Susquehanna Township. President BUXTON requested a vote on the motion. The motion was carried with Commissioner HARRIS, Commissioner GOLDBERG and President BUXTON voting AYE and Commissioner ERNEST and Commissioner D. L. SMITH voting NAY. The Chair declares the motion passes and LEAH KLEIMAN is appointed as Commissioner of the Fifth Ward, Susquehanna Township. The Chair declares the meeting was proper, according to the Chairman's watch it was 7:30 P.M., the Chair recognized Commissioner GOLDBERG. His motion to suspend the Agenda to move to another appropriate Item was in order, the motion to accept the resignation was in order, the motion to accept an appointment was in order and the Chair declares at this time that the gentleman was proper by introducing his motion and Mrs. Kleiman was appointed to succeed Commissioner D. A. Smith in the Fifth Ward of Susquehanna Township.

On November 9, 1978, appellee, the district attorney of Dauphin County, filed a complaint in quo warranto alleging that Leah Kleiman's appointment to the Susquehanna Township Board of Commissioners was improper and requesting the Court of Common Pleas of Dauphin County to issue an order of ouster.[5] Trial was held and legal arguments were made to the court on December 20, 1978. Immediately thereafter, the court of common pleas ruled that Leah "Kleiman is without warrant or authority of law to serve as a member of the Board of Commissioners and her appointment is of no force and effect" and entered the challenged judgment of ouster. On January 11, 1979, this Court granted appellant's application for a supersedeas and reinstated her as a Commissioner of Susquehanna Township pending the outcome of this appeal.

The court of common pleas concluded that the October 25, 1978, meeting was a "special meeting" to which Rule VI of

5. Appellee also sought a preliminary injunction pending the resolution of the quo warranto action. The court of common pleas denied the injunction and no appeal has been taken therefrom.

the Rules of the Board of Commissioners of Susquehanna Township applied. Rule VI provides:

"He [the President] shall call special meetings of the commissioners whenever two members of the Board of Commissioners shall request him in writing so to do and the Secretary shall insert in the notices of said special meetings the object or objects for which they are ordered and the Commissioners shall not be competent to transact at such meetings any business other than that specifically mentioned in said call."

The court reasoned that because the agenda for the October 25, 1978 meeting "makes no mention of either the acceptance of the resignation of a Commissioner or the appointment of a Commissioner to fill the vacancy," the appointment of appellant was violative of Rule VI. The court further ruled that Commissioner Goldberg's motion to change the agenda cannot be equated with a motion to suspend the rules which would have enabled the Board to dispense with the requirements imposed by Rule VI.[6]

■ This Court held in *Commonwealth ex rel. Fox v. Chace*, 403 Pa. 117, 168 A.2d 569 (1961), that where the substance of the procedure followed to fill a vacancy in the governing body of a municipality is not inconsistent with statutory provisions and is manifestly expressive of the will of the majority, relief in quo warranto may not be obtained. See also *Nicoletti v. Veitch*, 411 Pa. 216, 191 A.2d 383 (1963). The resolution to appoint appellant to fill the vacancy on the Board of Commissioners was passed by a majority of a quorum and reflected the will of the majority of the Board. Cf. *United States v. Ballin*, 144 U.S. 1, 12 S.Ct. 507, 36 L.Ed. 321 (1892) (statute lawfully enacted where vote in House of Representatives was 138 yeas, 0 nays, and 189 not voting).

■ Further, the procedure followed by the Board of Commissioners at the October 25 meeting to appoint appel-

---

**6.** Rule XXX of the Rules of the Board provides that "[t]he consent of two-thirds of the members present shall be necessary to dispense with any rule." Commissioner Goldberg's motion to change the agenda was passed unanimously.

lant to the vacant seat on the Board was not violative of Section 530 of the First Class Township Code.[7] Section 530 vests the power of appointment to fill its own vacancies, in the first instance, in the Board of Commissioners. The Legislature has not limited the manner in which the Board exercises that power other than to provide that the new commissioner be appointed "by resolution." Nowhere in the First Class Township Code is any statute to be found which limits the enactment of resolutions to a particular type of meeting or a particular portion of the meeting. Nor is it required that members of the Board and the public be notified that the specific business of filling a vacancy will be taken up at a pre-scheduled meeting of which notice has been duly given.

Indeed, the appointment of appellant was in full compliance with the By-laws and Rules of the Susquehanna Township Board of Commissioners. The October 25 meeting was not called by the President upon the written request of two members of the Board as are meetings to which Rule VI

7. Section 530 of the First Class Township Code, Act of June 24, 1931, P.L. 1206, art. V, § 530, as amended, 53 P.S. § 55530 (Supp.1979), provides:

"When a vacancy occurs in the office of township commissioner in any township, by reason of death, resignation, removal from the township or ward, or otherwise, the board of township commissioners of such township shall fill such vacancy by appointing by resolution a registered voter of the ward or township, as the case may be, in which the vacancy occurs. If the board of township commissioners of any township shall refuse, fail, or neglect, or be unable for any reason whatsoever, to fill such vacancy within thirty (30) days after the vacancy occurs, then the court of common pleas shall upon the petition of twenty registered voters of the ward or township, as the case may be, in which the vacancy occurs appoint a registered voter of the township to fill the vacancy. In either event, the person so appointed shall hold the office if the term thereof continues so long, until the first Monday in January after the first municipal election occurring more than sixty (60) days after the vacancy occurs, at which election an eligible person shall be elected for the remainder of the term and shall have been a resident of the township continuously for at least one (1) year before his appointment. In townships divided into wards, a commissioner appointed by either the board of commissioners or the court of common pleas shall reside in the ward in which the vacancy occurred and shall have resided in said ward continuously for at least one (1) year before his appointment."

applies. Rather, the October 25 meeting was one of twelve regularly scheduled special meetings held by the Board on the fourth Wednesday of each month in 1978 to supplement the statutorily required regular monthly meetings.[8] The dates of regularly scheduled special meetings were announced at the same time as the dates for the year's regular meetings, on January 3, 1978, at the Board's statutorily prescribed organizational meeting.[9] Subsequently, these twenty-four pre-scheduled meeting dates, including October 25, were advertised pursuant to the Open Meeting Law[10] and listed in a formal notice sent to each of the Susquehanna Township Commissioners.

■■■■ Rule VI does not limit the nature of business that may permissibly be conducted at a regularly scheduled special meeting such as that held on October 25. Nor is there any other formal Rule or By-Law of the Board which prohibits the Board from conducting business not specifically itemized in the agenda at a regularly scheduled special meeting. In the absence of proof that the governing body of a municipality has violated any of its previously adopted rules, a presumption arises that the body has acted in accordance with its own approved procedure. *Commonwealth ex rel. Fox v. Chace*, 403 Pa. at 120, 168 A.2d at 571.

Section 1502 of the First Class Township Code, 53 P.S. § 56502, gives the Board power to prescribe its own procedural rules. "[R]ules of procedure are always within the control of the majority and may be changed at any time by majority vote." *Commonwealth ex rel. Fox v. Chace*, 403

8. Section 1 of the By-Laws and Rule XXXI of the Rules of the Board designate that regular meetings must be held on the second Thursday of each month. See also First Class Township Code, 53 P.S. § 55702 (1957) ("The board of township commissioners shall meet at least once a month, at such time and such place as may be designated by ordinance.").

9. See First Class Township Code, 53 P.S. § 55701 (Supp.1979).

10. Act of July 19, 1974, P.L. 496, § 5, as amended, 65 P.S. § 265 (Supp.1979). See also Act of June 21, 1957, P.L. 392, § 3, as amended, 65 P.S. § 253 (1959).

Pa. at 120, 168 A.2d at 571, citing *Commonwealth v. Mayor of Lancaster*, 5 Watts 152 (1836). The power to make rules of procedure "is a continuous power . . . and within the limitations suggested, absolute and beyond the challenge of any other body or tribunal." *United States v. Ballin*, 144 U.S. at 5, 12 S.Ct. at 509. In the instant case, the motion to change the agenda in order to accept a commissioner's resignation and introduce a resolution was passed unanimously by the four commissioners then present. No one objected that under the Board's Rules or its accepted practice it was improper at a regularly scheduled special meeting to entertain new business not specifically itemized on the prepared agenda or to alter the order of the agenda so as to conduct "new business" at the beginning of the meeting. In fact, the minutes indicate that the objecting members of the Board of Commissioners only began to oppose the propriety of the already unanimously approved and lawfully adopted procedure when Commissioner Goldberg introduced the resolution to appoint appellant.

█ Appellant, a resident and registered voter of the fifth ward of Susquehanna Township for at least one year, was lawfully appointed to fill the vacancy on the Board created by the resignation of the commissioner of the fifth ward by resolution approved by a majority of a quorum of the Board of Commissioners. The Court of Common Pleas of Dauphin County erred when, pursuant to a writ of quo warranto, it removed her from that position.[11]

The order of the court of common pleas is reversed and the record remanded with instructions to enter a dismissal of the writ and to enter judgment for defendant.

11. Our holding that the trial court improperly ordered appellant's ouster, renders it unnecessary to reach the merits of appellant's claim that the lower court denied appellant "due process of law by handling the case in contravention of the Rules of Civil Procedure, by ruling without reviewing the evidence, and by refusing to permit the filing of a pre-judgment brief, where expeditious decision of the case is not required by the circumstances."