Commonwealth ex rel., Appellant, *v.* Bitner.

Argued November 26, 1928. Before FRAZER, WALL-ING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Walter K. Sharpe,* with him *John McD. Sharpe* and *William S. Hoerner,* for appellant.—Owing to the repeal of the Act of 1923, by General Borough Act 1927, section 3301, P. L. 656 and 666, no municipal election, at which a tax collector could be elected, could be held in 1927, and consequently the period for which Paul D. Tarner is entitled to hold the office extends to the first Monday of January, 1930, following the municipal election of 1929.

The office of borough tax collector is not a constitutional office, not being created by or mentioned in the Constitution.

Not being a constitutional office, the legislature may extend the term thereof at will: Com. v. Weir, 165 Pa. 284; Com. v. McCombs, 56 Pa. 436; Com. v. Nichols, 10 Kulp, p. 193; Com. v. Ricketts, 196 Pa. 598; Houseman v. Com., 100 Pa. 222.

*John W. Hoke,* with him *A. J. White Hutton,* for appellee.—Even if the relator had been legally appointed to the office of tax collector, his appointment ran only until a tax collector should be elected at the next municipal election in 1927, and that any extension by legislative enactment was in violation of the Constitution: Com. v. Moore, 71 Pa. Superior Ct. 365; Com. v. Moffit, 238 Pa. 255; Tucker's App., 271 Pa. 462; Com. v. Sheatz, 228 Pa. 301; Com. v. McAfee, 232 Pa. 36.

OPINION BY MR. JUSTICE FRAZER, January 7, 1929:

Section 850 of the General Borough Act of 1927, provides:

"The qualified voters of every borough shall, at the municipal election in the year 1929, and every four years thereafter, vote for and elect one properly qualified person as tax collector of the borough." This section is in full harmony with the general and important policy of the entire statute, establishing a uniform system of borough government and management, including designation of the definite time for choosing borough tax collectors throughout the Commonwealth. The first date at which these elections may occur under the act, which went into effect July 1, 1927, is the year 1929, when "every borough" shall choose at the polls a tax collector, and "every four years thereafter" similar elections shall be held.

The Act of May 8, 1923, P. L. 171, provided a method for filling vacancies in the office of tax collector by appointment by the borough council and "such appointment," as the act sets forth, "shall be until the next municipal election at which a collector shall be elected for four years."

In November, 1925, John Boyd was reëlected tax collector for the Borough of Chambersburg for a term of four years, commencing the first Monday in January, 1926. He assumed office, but died September 4th of the same year. December 6, 1926, the borough council, un-

der authority of the Act of 1923, by a motion in writing, unanimously approved, appointed Tarner, relator in these proceedings and appellant here, collector to fill the vacancy created by the death of Boyd, "for the year 1927; that is, until a tax collector elected at the next municipal election shall qualify for said office." As stated above, this appointment was under the Act of 1923, which was wholly repealed by the General Borough Act of 1927, three months prior to the holding of the next municipal election in the Borough of Chambersburg.

Unaware of the existence of the Act of 1927, the county commissioners, believing the office of collector would again become vacant at the end of 1927, prepared to elect a person to fill the prospective vacancy. Tarner, still in office, and Bitner, appellee here, were candidates at the primary. The former was defeated and Bitner subsequently elected at the November election. When the parties interested later obtained knowledge of the existence of the General Borough Act of 1927, Tarner claimed that under this statute no vacancy existed in the office of tax collector at the time of the election of Bitner and that his appointment by the borough council in 1926 would not expire until November, 1929, which by the terms of that law, would be the earliest date at which a collector could be legally chosen at a municipal election. Is this claim supported by the facts and the law?

It will be noted that the Acts of 1923 and 1927 both provide that the tax collector's term of office shall be for four years. Boyd, the predecessor of Tarner, was elected for exactly that period. At the time of his death there remained three years and four months of his term to be filled. When, in December, 1926, the borough council appointed Tarner to fill the vacancy, they could, under the Act of 1923 then still in force, make the appointment extend only until the next municipal election to be held in November, 1927. But four months before the

latter date, the Borough Act of 1927 had come into force, preventing an election of a tax collector until 1929. Consequently no collector could lawfully be elected in 1927, and, as the learned court below properly found, the election of Bitner was illegal and void. He could consequently have no right or claim under his election to the office.

Tarner's status as the incumbent was and is wholly different. He was appointed by the borough council as its record states, "for the year 1927; that is, until a tax collector elected at the next municipal election shall qualify." It is evident from the words quoted that the controlling intention of council was to make the selection cover the period between that appointment and the next municipal election. That election, under the Act of 1923, would have occurred in 1927; the borough act however, having repealed the law of 1923, rendered impossible an election in 1927 and made mandatory that no collector could be lawfully elected until the municipal election in 1929. The statute of 1927 certainly did not legislate Tarner out of office, for it is declared in section 103 that "any person holding office under any Act of Assembly repealed by this act shall continue to hold such office until the expiration of the term thereof, subject to the conditions attached to such office prior to the passage of this act." By the terms of the appointment by the borough council, Tarner was to continue in office until "a tax collector elected at the next municipal election" should qualify. Since none could be thus elected in 1927 and none until 1929, how can Tarner be deprived of his office until the latter date? There were no conditions attached to the appointment, so far as the record of the case shows, to justify such deprivation. Being the legal incumbent of the office, the Borough Act of 1927 continues him in his position until his successor is chosen at the municipal election in 1929.

Respondent contends that, if the law of 1927 extends the period of Tarner's term of office, this extension by

legislative enactment is a violation of the Constitution and consequently so much of the borough law of 1927 as relates to this phase of the case is unconstitutional. The argument is without weight or application. The office of tax collector is not one that comes under constitutional control. It is wholly a creation of the legislature and it was never intended to put offices created by that body beyond control and regulation of the creating power. It was not intended, as said in Com. v. McCombs, 56 Pa. 436, 441, to ordain that an office for a term of years, once made, should not be modified or abolished while the term remained unexpired. See also Com. v. Moir, 199 Pa. 534, 541. Moreover, it may very properly be claimed that there is no extension of Tarner's period of incumbency. Clearly the borough council intended his appointment was to continue until his successor should be elected at the next municipal election. Boyd was elected for a period of four years and that period would, had he lived, have expired in 1929, the exact date at which his successor could be legally chosen. Tarner is accordingly serving out the precise period of legal service which Boyd would serve were he still living.

Of equal lack of application and weight is the argument that Tarner was not legally appointed by the borough council, because the record of the appointment, as set down in the minutes, is in the form of a "motion," instead of a "resolution." It is true the Act of 1923 prescribes that the appointment of a tax collector to fill a vacancy shall be by a "resolution" and that the declaration of the council in naming Tarner is couched in the form of a motion. It is nevertheless a carefully worded councilmanic act and in substance and purpose carries the weight and legal significance of a resolution, the effect being the same as if the word "resolution" had been used instead of "motion." It carried out in a particular instance a power expressly granted by the legislature, was the unanimous expression of council, and we are far from deciding that appellant here is to be de-

prived of his office because, through ignorance or inadvertence, the borough council who appointed him used the word "motion" in making that appointment instead of the word "resolution." The substance of the councilmanic deliverance and the intention of those who formally voted for it must govern. A resolution or order, as sometimes called, is an informal enactment of a temporary nature, providing for the disposition of a particular piece of the administrative business of a municipal corporation. It is not a law and there is no difference between a resolution and a motion (19 R. C. L., page 895); as such it is not an original exercise of governmental duty and does not require the written approval of the burgess (Eddy v. Ashley Boro., 281 Pa. 4, 10; Jones v. Light, Heat, etc., Co., 202 Pa. 164); the substance and not the form of the corporative act is what governs: 2 Dillon on Municipal Corporations, page 895.

The decree of the lower court is reversed and the title of Paul D. Tarner to the office of collector of taxes for the Borough of Chambersburg under appointment by the borough council is sustained, costs to be paid by appellee.