## Gilberton Borough's Tax Collector.

J. F. Mahoney, Edgar Downey, P. J. Flannery and John F. Whalen, for petitioners.

M. A. Kilker and C. E. Berger, for exceptant, Mrs. Ruth Matthews.

KOCH, P. J., March 3, 1930.—We have before us three petitions for the appointment of a tax collector in the Borough of Gilberton. Two of these petitions were filed Feb. 10, 1930, and the other one Feb. 17, 1930.

The chief burgess of the borough filed exceptions to the first two petitions on Feb. 10, 1930, asking us to dismiss the petitions upon the ground, as he alleges, that he was not afforded an opportunity, as chief burgess, to cast the

deciding vote at the regular meeting of the borough council on Jan. 20, 1930, at which he was present, when an attempt was made to elect a borough tax collector, but failed because of a tie vote and such an abrupt adjournment of council that the chief burgess was denied the right to cast the deciding vote in accordance with section 1003 of the General Borough Act of May 4, 1927, P. L. 519, 549. But we may not dismiss the petitions for such reasons, the time within which the borough council could fill the office having passed by. See sections 901 and 902 of said act.

On Feb. 17, 1930, one Ruth Matthews filed an answer to the allegations in the various petitions, in which she sets forth that her husband, Edward V. Matthews, had been elected tax collector of said borough in November, 1925; "that he duly qualified for and entered into said office, but, by reason of his failure to furnish a bond for the collection of taxes for the year 1929, a vacancy occurred in said office" and she was "appointed by the council of the borough in August, 1929, to fill said vacancy for the unexpired term of the said Edward V. Matthews;" that, pursuant to said appointment, she qualified, entered into and discharged the duties pertaining to the office. And she claims that, because of said appointment, she is now entitled to occupy said office until a successor is duly elected and qualified. She prays that we dismiss all petitions.

But it is claimed by others that a vacancy now exists in said office because one Benjamin Lomas, who was elected tax collector of said borough by the people at the municipal election held on Nov. 5, 1929, died about Dec. 23, 1929. Had Lomas lived he would have been entitled to take the office on the first Monday, of January, 1930, and to hold it for the term of four years. So the facts present the questions whether the borough council had the right to fill the office this year, and whether, because of its failure to fill it within thirty days from Jan. 6, 1930, it now devolves upon the court to entertain said petitions and to appoint some one as tax collector for said borough.

The term of the office is for four years from Jan. 6, 1930. When Edward V. Matthews was elected tax collector in November, 1925, the Act of May 8, 1923, P. L. 171, was in force. That act provided: "That if any vacancy shall occur in the office of tax collector, . . . when a tax collector that has been elected shall fail to qualify . . . or . . . by death, resignation or otherwise— the borough council of the borough in which such vacancy exists shall fill such office by appointing, by resolution, a suitable person, resident of the district in which such vacancy exists. Such appointment shall be until the next municipal election, at which election a collector shall be elected for four years." But that act was repealed by said General Borough Act of 1927: Com. v. Bitner, 294 Pa. 549, 553. Consequently, it could be only under the provisions of said Act of 1927 that Mrs. Matthews was appointed tax collector in August, 1929. Section 901 of the General Borough Act of 1927 says: "If any vacancy shall occur in the office of . . . tax collector . . . in any other manner whatsoever, the borough council shall fill such vacancy by appointing, by resolution, a qualified resident of the borough to such office for the unexpired term of the office." The term of office for Mrs. Matthews became thereby definitely fixed were it not for the provisions of the Act of March 22, 1927, P. L. 53, which say that she is to hold the office until her "successor is elected or appointed and duly qualifies." She, therefore, still holds the office, and it was the clear duty of the borough council to appoint some one after Jan. 6, 1930, because the man who had been elected in 1929 died without qualifying for the office.

Section 902 of the General Borough Act of 1927 says: "If the council of any borough shall refuse, fail or neglect, or be unable for any reason whatsoever to fill any vacancy within thirty days after the vacancy happens, as provided by the preceding section, then the Court of Quarter Sessions shall, upon petition of the burgess or council, or five citizens, fill the vacancy in such office by the appointment of a qualified resident of the borough for the unexpired term of the office." It, therefore, now devolves upon us to appoint some person for the unexpired term for which Lomas was elected.

As the term of Lomas would have begun on the first Monday of January, 1930, that term will expire on the first Monday of January, 1934.

"The office of tax collector is not one that comes under constitutional control. It is wholly a creation of the Legislature and it was never intended to put offices created by that body beyond control and regulation of the creating power:" Com. v. Bitner, 294 Pa. 549, 554. Therefore, the appointment of Ruth Matthews was controlled by the General Borough Act of 1927 and not by said Act of 1923. True enough, under the provisions of the General Borough Act of 1927, she was to hold the office for the unexpired term only, but the act that was passed earlier in the same year, to wit, March 22, 1927, P. L. 53, says that she shall continue to hold it until her successor is *elected or appointed* and qualifies. Her successor was *elected*, but could not qualify because he died, so she will now hold the office until her successor is "*appointed* and qualifies." This is in accordance with the Act of March 22, 1927, P. L. 53, section 1 of which is as follows: "That any officer of any municipal corporation of this Commonwealth, who hereafter may be or heretofore has been elected or appointed, and having qualified, shall hold said office until his successor is elected or appointed and duly qualifies." The second section of the act repeals all acts or parts of acts inconsistent with the act.

This latter act applies to two situations, to wit: First, where one is *elected* to office in a municipal corporation, he holds until his successor is *elected* and qualifies; and, second, where one is *appointed,* he holds until his successor is *elected or appointed and duly qualifies.* Where one is appointed to succeed an elected and qualified officer, he is appointed "for the unexpired term of the office" (sections 901 and 902, General Borough Act of May 4, 1927, P. L. 519, 548), but holds until his successor is elected or appointed and qualifies: Act of March 22, 1927, P. L. 53. "Persons *elected* to borough offices shall serve until their successors are *elected* and qualified:" Section 804. This provision is exactly the same as the provision of the Act of March 22, 1927, P. L. 53, respecting *elected* officers.

As Mrs. Matthews was *appointed* to office *for the unexpired term,* her term would have expired at the end of 1929 but for the provisions of the earlier Act of 1927, just quoted, which now allow her to hold until her successor is appointed. Such a construction of the entire Act of 1927 seems to us the only one that should be given to it in view of the later act. We conclude that it becomes our duty, under the circumstances, to appoint a successor, and that will be done.

The prayers of the chief burgess and of Ruth Matthews are dismissed.

From M. M. Burke, Shenandoah, Pa.