## Roat v. Brussock et al.

Donald O. Coughlin and *R. Lawrence Coughlin,* for plaintiff.

*Frank L. Pinola,* for defendants.

JONES, J.—Hearing upon an application for a preliminary injunction.

### Findings of fact

1. Plaintiff is the burgess, E. M. Rosser, the treasurer, and the other defendants a majority of the councilmen of the Borough of Kingston.

2. On May 5, 1924, the Borough Council of Kingston adopted the following resolution for the regulation of the police department:

"That the police committee in recommending, and the council in electing patrolmen for the borough be limited in considering applicants by the following requirements, and that no applicant who fails to meet said requirements shall be eligible:

"1. Age, 25 to 45 years.

"2. Height, not less than 5 ft. 8 in.

"3. Able to read, write and speak English.

"4. Pass physical examination.

"5. Resident and taxpayer of Kingston or shall immediately become same upon appointment.

"6. White.

"7. Free from deformities.

"8. Moral character.

"9. Temperate.

"10. Average intellect."

It was approved by the burgess, but not advertised or published as an ordinance.

3. On January 6, 1930, defendants, a majority of council, appointed Messrs. Arthur Jones, Leo Hayden and Malcolm Bryant policemen or patrolmen, and on April 15th they were suspended by the burgess because they did not meet the first requirement of the regulations of May 5th.

4. On May 19, 1930, after a written opinion by the borough solicitor advising that the resolution referred to in fact 2 was void and not in force because not

having been posted, published or recorded in the ordinance book of the borough, the council in meeting assembled refused to sustain the burgess in suspending the policemen and reinstated them with pay from the date of suspension. On May 21st the resolution was presented to the burgess and by him vetoed, giving as his reasons, "I believe it illegal and a useless waste of public funds," and suspended them again.

5. Arthur Jones, one of the suspended policemen, has been, on a prior occasion, a police officer in the borough and served two years while plaintiff was burgess, without any objection, and dropped from the force some time in 1928.

## Discussion

Equitable jurisdiction has not been raised and we will dispose of the controversy upon its merits as submitted by the parties without raising the jurisdiction ourselves.

This case involves the question—does the burgess have the power to suspend police officers who fail to meet the requirements of the rules or regulations of May 5th?

It is conceded that the resolution was not advertised, published or recorded as provided in the General Borough Act of May 4, 1927, P. L. 519, Sec. 1006, as follows:

"It shall be the duty of the council. . . . IV. Except where otherwise in this act provided, to publish once in one newspaper printed in the county, and by twelve advertisements posted in public places in the borough, every enactment, regulation, ordinance or other general law, at least ten days before the same shall take effect," and failing in such respect, defendants contend, and were so advised by the borough counsel, that the resolution was not in force and that the suspension of the members of the police force based on a noncompliance with the resolution could not be sustained.

Whether the resolution should have been published depends upon whether it is an enactment, regulation or ordinance within the above provisions of the act or simply a ministerial or executive act.

The Borough Act of May 14, 1915, P. L. 312, since repealed and reënacted by the General Borough Act of May 4, 1927, P. L. 519, provides that the borough council may appoint and remove one or more suitable persons, citizens of the Commonwealth, as borough policemen, and, in section seventeen, that their salary should be fixed by ordinance, and they may establish a police pension fund by ordinance.

If the legislature intended the appointment of policemen to be made by ordinance, it could have said so; stating that their salary should be fixed and a police pension fund established only by ordinance, and no provisions for their appointment by ordinance is significant.

Since the power to appoint police officers is in the borough council, without the approval of the burgess, surely their qualifications should not require his approval. A "suitable person" is the only qualification of a police officer under the act and the council is the sole judge of that qualification, and the motion or resolution of May 5th, whatever it may be termed, is not an exercise of governmental duty and does not take the place of ordinances requiring the approval of the burgess: Com. ex rel. v. Bitner, 294 Pa. 549; and, therefore, did not require publication.

In Com. ex rel. Dawson v. Miller, 25 Pitts. L. J. (N. S.) 19, the appointment of a policeman by the borough council, under the Act of June 6, 1893, P. L. 327, was held to be not such a resolution or ordinance as requires the approval of the burgess under the terms of the Act of May 23, 1893, P. L. 113, the court stating:

"The action of councils in the matter is in nowise legislative, requiring the passage of an ordinance or resolution which, under the Act of May 23, 1893, must be submitted to the burgess. It was plainly intended by the Act of June 6, 1893, to place the appointing power solely in the hands of councils, who could make either permanent or temporary provision and have entire control over their appointees."

We deem the action of May 5th simply a rule or regulation defining the requirements of applicants for police appointment, which may be dispensed with or ignored by a majority of the council. If the appointee be a suitable person, in the judgment of the majority of council, even though he may not meet the requirements of the resolution, such appointee is not disqualified by reason thereof.

The General Borough Act of 1927, supra, provides that the burgess of the borough shall have full charge and control of the chief of police and police force, and he shall direct the time during which, the place where, and the manner in which, the chief of police and the police force shall perform its duties, and section 1127 provides that the burgess may, for cause and without pay, suspend any policeman until the succeeding regular meeting of the council, at which time the council may discharge or reinstate such policeman.

The suspension extended only until the next succeeding regular meeting of the council held May 21, 1930, pursuant to notice duly served upon the burgess, at which time the borough council, as provided above, acted upon the suspension and by proper resolution resolved that the burgess be not sustained in his action and reinstated the policemen with pay from the date of suspension. The approval of this action of council by the burgess was not necessary, and suspending them again for the same reason was improper and illegal.

The motion for an injunction is refused.

From Frank P. Slattery, Wilkes-Barre, Pa.