## Emert v. Hatfield Township

*A. Benjamin Scirica,* for plaintiff.

*D. Sherman,* for defendant.

*William Cooper,* for intervenors.

DANNEHOWER, J., October 19, 1957.—This action is upon a complaint filed by seven property owners of Hatfield Township, a first class township of Montgomery County, who challenge the action of the board of township commissioners, which abolished the township police force by resolution. The commissioners filed an answer and new matter. Other property owners in the township were allowed to intervene and the case was argued before the court en banc.

The complaint alleges that the resolution adopted March 5, 1957, by defendant board of commissioners to abolish the township police force is void, illegal and of no effect because: (a) Its adoption was arbitrary and unreasonable and has no relation to the health, welfare and safety; and (b) the resolution was, in substance and effect, an ordinance and therefore must conform to the procedural requirements of the First Class Township Code. It is further alleged that the township has been left without adequate police protection. The answer denies the allegations of the complaint and avers, by way of new matter, that the police force was created by resolution and that all

matters pertaining to its function and operation were handled by resolution.

The court has before it a very narrow question of procedure: Whether a first class township can abolish its police department by resolution or whether an ordinance is required?

The First Class Township Code of June 24, 1931, P. L. 1206, art. XV, sec. 15.02, as amended by the Act of May 27, 1949, P. L. 1955, sec. 31, 53 PS §56502, provides:

"The board shall have power—

"to adopt *resolutions and ordinances* prescribing the manner in which powers of the township shall be carried out, and generally regulating the affairs of the township. *All such ordinances,* unless otherwise provided by law, shall be *published* at least once in one newspaper of general circulation in the township. Such *ordinance* shall not become effective until ten days after the publication aforesaid." (Italics supplied.)

The next mention of "resolution" is that: "Complaint as to the legality of *any ordinance or resolution* may be made to the court of quarter sessions. . . ." (Italics supplied.)

The above mentioned statute is subject to two interpretations, as follows: (1) That the words are interchangeable and therefore the word "ordinance" in the second sentence encompasses both resolutions and ordinances. In that case the inevitable conclusion is that however you title it, it must meet the publication requirements to be valid. As there was no publication in this case, the resolution would be invalid under this interpretation.

However, the second, and we believe correct conclusion, is that a distinction is drawn in the light of the fact that both words were used in the second clause of the section. Therefore there is no publication require-

ment as to resolutions. This brings us directly to the question in issue. Namely, is the abolition of a police department the proper subject of a resolution or is an ordinance necessary?

"A 'resolution' is not an 'ordinance,' and there is a distinction between the two terms as they are commonly used in charters": 5 McQuillin, Municipal Corporations, (3rd Ed), §15.02, p. 51.

" 'Ordinances' as a term of municipal law [which] is the equivalent of 'legislative action' . . . a police or domestic regulation [as opposed to public or general law] . . . more solemn and formal than a 'resolution'. An ordinance is a continuing regulation—a permanent rule of government, while a resolution is usually declared not to be the equivalent of an ordinance, but rather an act of a temporary character, not prescribing a permanent rule of government, but is merely declaratory of the will of the corporation in a given matter, and in the nature of a ministerial act. While it has been said that in substance there is no difference between a resolution and an informal motion made and carried, nevertheless a resolution passed with all the formalities required for passing ordinances may operate as an ordinance regardless of the name by which it is called": 43 C. J. §§796-798.

Corpus Juris Secundum expresses the same definition and distinction in almost identical language.

"Nor does it necessarily follow that because a charter does not in express terms require an act to be done by an ordinance it may be effected by a mere resolution. On the contrary, where the requirement that the act should be done by ordinance necessarily is implied, as is usually true in the case of a clear legislative act, a resolution is not sufficient, and an ordinance is indispensable to the performance of the act": McQuillin, supra, §15.06 p. 67.

"A resolution or order, as sometimes called, is an informal enactment of a temporary nature, providing for the disposition of a particular piece of the administrative business of a municipal corporation. It is not a law and there is no difference between a resolution and a motion . . . the substance and not the form of the corporate act is what governs": Commonwealth ex rel. v. Bitner, 294 Pa. 549, 555.

In Plumly v. Hadley, 9 D. & C. 281, 283, (1927), the court stated: " . . . a mere resolution cannot take the place of an ordinance . . . Resolutions are distinguished from ordinances in that they lack these wise and salutary safeguards against ill-considered action under the stress of public clamor."

As ordinances are of a more serious nature than resolutions, requiring greater safeguards, the requirement of publication is understandable as to ordinances. Since this requirement is mentioned in the case of ordinances, while not mentioned in the case of resolutions, the legislature has indicated that a distinction is intended. It therefore must be concluded that in matters of vital concern to the community as opposed to mere administrative matters an ordinance is necessary by implication.

The heart of the matter before us, therefore, turns on the nature of the questioned actions. Is the abolition of an existing police force a mere administrative matter or is it a matter requiring careful legislative consideration?

"It may further be observed that a resolution is ordinarily ministerial in character and relates to the administrative business of the municipality, whereas an ordinance is distinctively a legislative act. Thus, it may be stated broadly that all acts that are done by a municipal corporation in its ministerial capacity and for a temporary purpose may be put in the form of

resolutions, and that matters upon which the municipal corporation desires to legislate must be put in the form of ordinances. It may further be stated broadly that charters contemplate that all legislation creating liability or *affecting in any important or material manner the people of the municipality should be enacted by ordinances*, whether the city is acting in its governmental or private capacity": 5 McQuillin, supra, §15.02, p. 52 et seq. (Italics supplied.)

The police department of Hatfield Township was established by resolution when Hatfield was a second class township. The resolution was adopted on July 3, 1950, and thereafter, for each succeeding year the force was maintained and operated and all matters pertaining to its function were handled by resolution. In January 1957, Hatfield became a first class township, and on March 5, 1957, the resolution now in issue was adopted abolishing the police force.

We consider this a matter of extreme importance vitally concerned with the health, welfare, safety and morals of the community. To abolish the police force of a community is a drastic measure requiring careful deliberation and the wise exercise of judgment. To take such action summarily by resolution without conforming to the notice requirements of an ordinance whereby the community at large could become appraised of the impending action and be afforded an opportunity to be heard is a capricious and arbitrary abuse of the legislative process. Whereas the existence of police protection is of such vital concern; the action taken to abolish the local police cannot be considered merely administrative; the failure to publish the commissioners' decision renders their action by resolution void and of no effect.

*Order*

And now, October 19, 1957, for the foregoing reasons, the resolution adopted by the Board of Commis-

sioners of Hatfield Township on March 5, 1957, purporting to abolish the township police department is hereby declared illegal, void and of no effect.