## Buckingham Township v. Yaroschuk

*Peter A. Glascott,* for plaintiff.
*William A. Gross, John A. VanLuvanee* and *Richard P. McBride,* for defendants.

WALSH, *J.,* July 6, 1977—Seven suits in assumpsit have been instituted by Buckingham Township against various curative amendment zoning applicants to recover expenses incurred by the governing body in processing and hearing the applications. Preliminary objections to the complaints were filed on behalf of all defendants and submitted for disposition pursuant to Rule *266. By order dated February 18, 1977, the assigned judge sustained a preliminary objection of one of the parties in the nature of a motion for a more specific complaint and ruled plaintiff for more specific complaints in the remaining suits. After plaintiff amended its complaint, preliminary objections

were re-filed. We find that the amended complaints are sufficiently specific.

The principal issues raised are two in number: First, whether a second class township is empowered to charge this expense to the applicants and, second, whether an action in assumpsit will lie. We believe the answers to both questions are yes. The Municipalities Planning Code provides: "The governing body may prescribe reasonable fees to be charged with respect to the administration of a zoning ordinance." Act of July 31, 1968, P.L. 805, art. VI, sec. 618, 53 P.S. §10618.

Counsel has not cited nor have we found any case precisely construing this statute, but a very recent decision of the Commonwealth Court is of guidance. In Raum v. Board of Supervisors et al., 29 Pa. Commonwealth Ct. 9, 370 A. 2d 777 (1977), the court impliedly recognized the right of a municipality to impose reasonable charges for reviewing plans including charges for the time of an assistant township manager and an independent engineer employed by the township. In Raum the court struck down a fee schedule which it felt had been increased exorbitantly for the purpose of preventing development. It found that the application fee ($22,000) was unlawful because it bore no relation to the costs of reviewing and processing the plans. The court approved charges based on the fee schedule in effect before the increase. We conclude that the categories of charges imposed by Buckingham Township fall within "the administration of a zoning ordinance" as contemplated in the foregoing section of the Municipalities Planning Code. The question of whether the charges are reasonable will be for the fact-finder at trial.

Plaintiff has stated a good cause of action in as-

sumpsit. A contract implied in fact arises when the intention of the parties is not expressed, but an agreement in fact creating an obligation is implied or presumed from their acts: Montgomery's Estate, 299 Pa. 452, 149 Atl. 705 (1930); Restatement, Contracts, §21. We agree with plaintiff's position that defendants' act of initial compliance with the township fee schedule was conduct manifesting their assent. One of defendants has suggested that the fee schedule is unlawful because it was imposed by a resolution rather than by ordinance. We disagree. The substance and not the form of the corporate act is what governs: Commonwealth ex rel. v. Bitner, 294 Pa. 549, 555, 144 Atl. 733 (1929).

## ORDER

And now, July 6, 1977, pursuant to Rule *266, it is ordered that defendants' preliminary objections to plaintiff's amended complaints are overruled.