Borough of Brookhaven, Appellant *v.* BP Oil Company, Appellee.

Argued October 4, 1979, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*James P. Gannon,* with him *Beagan, Gannon and Barnard,* for Appellant.

*Reese A. Davis,* with him *Greenwell, Porter, Smaltz & Royal,* for Appellee.

OPINION BY JUDGE MENCER, December 20, 1979:

At issue here is whether the Borough of Brookhaven (Brookhaven) is entitled to recover $720 in solicitor fees incurred by the Brookhaven Zoning Hearing Board (Board) in processing the application of BP Oil Company (BP) for a special exception and variance. The Court of Common Pleas of Delaware County entered judgment in favor of BP and against Brookhaven on BP's motion for a judgment on the pleadings and this appeal followed. We affirm.

Brookhaven argues that it is authorized to collect the fees of the Board's solicitor by Section 618 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10618, which provides that "[t]he governing body may prescribe reasonable fees to be charged with respect to the administration of a zoning ordinance."

We agree that Section 618 allows a municipality to promulgate and charge zoning administration fees subject to the requirement that they be reasonable. *See Raum v. Board of Supervisors,* 29 Pa. Commonwealth Ct. 9, 370 A.2d 777 (1977); *Buckingham Township v. Yaroschuk,* 4 Pa. D. & C. 3d 790 (Bucks 1977). Moreover, there is no question that the costs involved here[1] were incurred in the administration of Brookhaven's zoning ordinances, since they were derived from procedures required of the Board by the MPC. *See* Section 908 of the MPC, 53 P.S. §10908. We disagree, however, that compensation paid to the Board's solicitor was envisioned or intended by the legislature to be a *chargeable* administration expense under Section 618, particularly in view of Section 907 of the MPC, 53 P.S. §10907, which states that "[w]ithin the limits of funds appropriated by the governing body, the board may employ or contract for . . . legal counsel. . . ."

Therefore, we conclude that the trial court's ruling in this case was correct.

Order affirmed.

ORDER

AND Now, this 20th day of December, 1979, the order of the Court of Common Pleas of Delaware

---

[1] The record indicates that these costs involved the Board's solicitor's time in preparing the advertising for the hearing, attending the hearing, and writing the Board's opinion, which included findings of fact and conclusions of law.

County, dated July 27, 1978, granting BP Oil Company's motion for judgment on the pleadings is hereby affirmed.