Blue Ridge Realty and Development Corporation and American Sanitary Sales and Service Co., Inc., Appellants *v.* Lower Paxton Township, Appellee.

Argued March 13, 1980, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*Jeffrey E. Piccola, Berman, Boswell, Snyder & Tintner,* for appellants.

*Bernadette Boratlini,* with her *Richard Wix,* of *Wix, Wenger & Weidner,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, May 14, 1980:

This zoning appeal is before this Court on an appeal from a decision of the Dauphin County Common Pleas Court. The zoning hearing board of Lower Paxton Township upheld the validity of Township Ordinance No. 76-12 and was affirmed by the court below. The undisputed facts are as follows.

Blue Ridge Realty and Development Corporation (Blue Ridge) purchased the subject 51-acre tract of land in 1973. The property at the time was zoned R-3. Subsequent negotiations resulted in a rezoning of the property to R-2, permitting a maximum of eight units per acre. Final plan approval was obtained for the construction of 350 townhouses. When Blue Ridge posted the required bond for the planned construction, a building permit was issued on February 24, 1975. Work on the project commenced by pouring concrete footers for one of the 72 projected buildings. No further work was ever done and on July 12, 1976, the township adopted the challenged ordinance rezoning the subject tract to R-1 single family permitting a maximum of three units per acre. Township, in equity, sought to revoke the Blue Ridge outstanding building permit and to declare its approval of the townhouse plan null and void. The final decree declaring the building permit to be null and void was not appealed.

Blue Ridge appeals to us pursuant to Section 1004 of the Pennsylvania Municipalities Planning Code[1] contending that the ordinance is invalid since its enactment bears no relation to the public health, safety and welfare in violation of the township's comprehensive plan for orderly land development in the community. Furthermore, it contends that the ordinance

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11004.

constitutes an arbitrary and unconstitutional exercise of spot zoning.

In reviewing the constitutionality of zoning ordinances, our Supreme Court has instructed that an ordinance must bear a substantial relationship to the health, safety, morals or general welfare of the community and that exclusionary or unduly restrictive zoning techniques do not have the requisite substantial relationship to the public welfare. *Surrick v. Zoning Hearing Board of Upper Providence Township*, 476 Pa. 182, 382 A.2d 105 (1977). Because ordinances enjoy a presumption of validity, the challenger to its constitutionality has the burden of proving that the ordinance was not related to the public health, safety or welfare. *Fox Chapel Borough Appeal*, 33 Pa. Commonwealth Ct. 256, 381 A.2d 504 (1978).

In restricting its density regulations in the rezoned area, the township sought to achieve, among other things, the following objectives:

(a) providing a variety of housing for all levels of income through regulating land use;

(b) guiding proper distribution of population by regulating density with consideration to the availability and convenience of shopping facilities, public services and employment localities;

(c) aiding the promotion of educational facilities;

(d) providing proper fire and police protection as needed;

(e) providing sanitary sewage systems as needed;

(f) providing the availability of water, gas, electric and telephone service as needed.

We are unable to say that the enacted zoning ordinance is not rationally related to a legitimate public

end, *i.e.*, the protection of the community's health and safety by reasonably restricting the township's physical growth pattern. Interestingly, had Blue Ridge proceeded promptly with its construction plans, it would have been protected from the mandate of the challenged ordinance for three years following the approval of its application. *Cf. Appeal of Central Penn National Bank,* 47 Pa. Commonwealth Ct. 334, 408 A.2d 550 (1979).

We are equally unpersuaded by Blue Ridge's argument that the ordinance is unconstitutional on the ground that it is contrary to the comprehensive plan of the township and the recommendations of the township's and county's planning and zoning commission. We have held in *Fox Chapel Borough Appeal, supra,* that a comprehensive plan does not have the legal effect of a zoning ordinance—the former is merely recommendatory while the latter is regulatory. Likewise, we have also said that a planning commission is no more than an advisory body whose recommendations have no binding effect on the governing body. *Todrin v. Board of Supervisors of Charlestown Township,* 27 Pa. Commonwealth Ct. 583, 367 A.2d 332 (1976).

Finally, Blue Ridge contends that its property has been discriminatorily singled out by the township and hence should be struck down as an unconstitutional exercise of spot zoning. Spot zoning occurs when one lot or a small area is given different treatment from that of a similar surrounding land indistinguishable in character, resulting in economic detriment to the lot owner. *Porter Appeal,* 28 Pa. Commonwealth Ct. 415, 368 A.2d 828 (1977). Initially, we must determine whether or not the rezoned tract is being treated differently from similar surrounding land and, if so, whether the treatment is justifiable. Our careful review of the record discloses that the tract is surrounded by land zoned R-1 on the north, west and

south except for a small area of land to the east zoned R-2 and land lying immediately to the north which, while zoned R-2, has developed in accordance with R-1 regulations.

Accordingly, we disagree with Blue Ridge that the rezoned tract has been singled out and treated differently from its immediate surroundings.

The township's ordinance is a reasonable exercise of the township's power to regulate land use and is in furtherance of its legitimate concern for the public health and welfare.

We therefore issue the following

ORDER

AND Now, this 14th day of May, 1980, the order of the Court of Common Pleas of Dauphin County dated June 1, 1979, is hereby affirmed.