Edward B. Golla et al., Appellants v. Hopewell Township Board of Supervisors and Hopewell Township Zoning Hearing Board, Appellees.

Argued September 15, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Edward B. Golla,* for appellants.

*Gilbert G. Malone, Ports, Beers, Feldmann & Malone,* with him *John W. Thompson* and *William Poole, Shoemaker and Thompson,* for appellees.

OPINION BY JUDGE BLATT, October 15, 1982:

Edward B. Golla and a large number of other natural and corporate landowners (appellants) appeal here a decision of the Court of Common Pleas of York County which affirmed a decision of the Hopewell Township Zoning Hearing Board (Board).[1] The Board had dismissed the application of the appellants for failure to pay the required filing fee.

These parties have been before us once before. In *Hopewell Township Board of Supervisors v. Golla* (Golla I), 58 Pa. Commonwealth Ct. 572, 428 A.2d 701 (1980), this Court, sitting *en banc,* ruled that certain sections of the Hopewell Township Zoning Ordinance (ordinance) in regard to the number of lots permissible per tract, were unconstitutional.[2] The ordinance was later amended in an effort to comply with the

---

[1] The Hopewell Township Board of Supervisors are also named as appellees.

[2] This Court also found a portion of Section 1011(1) of the Pennsylvania Municipalities Planning Code (MPC), Act of June 1, 1972, P.L.    , *as amended,* 53 P.S. §11011(1), unconstitutional as violative of the doctrine of separation of powers.

mandate of *Golla I*, but the appellants contend that certain provisions of the ordinance still remain unconstitutional. The Board dismissed their appeal because of their refusal to pay a $100 filing fee as required by the ordinance, and consequently no decision was rendered on the merits. An appeal to the common pleas court followed and, when that court affirmed, the appellants appealed here.

Where, as here, no additional evidence is taken by the trial court, our scope of review is to determine whether or not the zoning board abused its discretion or committed an error of law. *Warminster Area Child Day Care Association v. Upper Southampton Township Zoning Hearing Board*, 35 Pa. Commonwealth Ct. 541, 386 A.2d 1076 (1978).

The appellants argue that the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202, does not authorize the imposition of fees for applications to zoning boards. The Board, on the other hand, argues that Section 618 of the MPC, 53 P.S. §10618, wherein the local governing body is given the authority to "prescribe reasonable fees to be charged with respect to the administration of a zoning ordinance" gives it such authority. Whether or not the activities of the Board in receiving applications are within the ambit of "administration", therefore, is the question before us.

The appellants argue that the term "administration", undefined by the MPC, refers to the work of the executive branch of government and that the Board, by its nature, is judicial or quasi-judicial, not executive. Zoning boards, however, have been clearly held not to be judicial, but administrative bodies, creatures of the legislative body. *Appeal of Emanuel Baptist Church*, 26 Pa. Commonwealth Ct. 427, 364 A.2d 536 (1976). Moreover, as the trial court correctly recognized, townships have the right to charge fees, if

reasonable, based on the cost of the services provided, *Raum v. Tredyffrin Township Board of Supervisors*, 29 Pa. Commonwealth Ct. 9, 370 A.2d 777 (1977),[3] and the fee charged here by the ordinance is a reasonable and proper exercise of the township's power to provide municipal services. Moreover, in *Borough of Brookhaven v. BP Oil Co.*, 48 Pa. Commonwealth Ct. 128, 409 A.2d 494 (1979), this Court expressly stated that Section 618 of the MPC allows a municipality to promulgate and charge zoning administration fees subject, of course, to the requirement of reasonableness. *Brookhaven*, we observe, relied upon *Buckingham Township v. Yaroschuk*, 4 Pa. D. & C.3d 790 (1977), wherein it was held that a Township may charge applicants, under Section 618, for the expenses incurred in processing and hearing applications for curative amendments. The $100 fee, litigated here, is not distinguishable from the charges assessed in the above-cited cases. *See also Bucks County Housing Development Corp. v. Plumstead Township*, 45 Pa. Commonwealth Ct. 532, 406 A.2d 832 (1979) (impliedly upholding $125 fee).

The appellants also advance constitutional arguments based on equal protection and due process. We have no cause to discuss these arguments inasmuch as there was no evidence before either the Board or the trial court as to the unreasonableness of the set fees or as to the discriminatory fashion in which the fee schedule was applied here. The appellants have attacked the validity of the ordinance, not the arbitrary or unreasonable nature of it, and thus have not satisfied their heavy burden of overcoming the presumption of constitutionality.

---

[3] The fee structure in *Raum* was struck down as bearing no rational relationship to the cost of the services, not because it was ultra vires.

For all of the above reasons, the decision of the trial court will be affirmed.

### Order

And Now, this 15th day of October, 1982, the decision of the Court of Common Pleas, York County, Pennsylvania in the above-captioned matter is hereby affirmed.