## **Solebury Township v. Shore**

*Stephen B. Harris,* for plaintiff.
*Edward F. Murphy,* for defendant.

GARB, *P.J.,* March 4, 1983—This is a suit in assumpsit brought by plaintiff township seeking to recover the sum of $25,051.79 representing the costs allegedly expended by plaintiff for the purpose of processing, hearing and determining defendant's curative amendment applications. To view the case in its proper context, the plaintiff claims the right to recover $40,969.47. However, the township retains

the sum of $16,000 which was deposited by defendant upon the filing of the curative amendment applications. Plaintiff seeks to liquidate and retain that $16,000 sum in addition to the $25,051.79 which it now seeks. Defendant counterclaims for the return of the $16,000 deposited by him and retained by plaintiff.

The pleadings are now closed and the matter has been submitted to the undersigned for disposition based upon the pleadings and a stipulation of facts.

The stipulation establishes the following facts. On or about January 2, 1979, plaintiff adopted a schedule of fees and charges in a resolution which provides as follows:

"That the base fee for a Curative Amendment filed with the Township shall be $5,000.00. the fee shall be used to pay Solebury Township's expenses in regard to said application, which expenses shall include the cost of the Court Stenographer, together with the cost of an original and one copy of Notes of Testimony, all advertising expenses, all fees of the Solebury Township Solicitor, the rental of any building other than the Township Hall, and all other actual expenses incurred in conducting said hearings, and a service charge of 4% of the total expenses. The applicant shall agree in writing to pay said costs if said costs exceed the base fee. In the event that the expenses are less than the base fee, the unused portion shall be refunded to the applicant."

On or about January 7, 1980, defendant submitted to plaintiff two separate curative amendment applications for Bucks County tax parcels No. 41-8-39 and 41-8-40. These two tax parcels are separated by Route 202 which runs north and south through the township. At the time of those applications defendant deposited the sum of $10,000 representing a $5,000 application fee for each curative amendment application. At the time of the deposit of the said ap-

plication fee counsel for defendant advised plaintiff that the fee was being deposited in protest.

On or about March 4, 1980, defendant's curative amendment application for tax parcel No. 41-8-40 was withdrawn by defendant and plaintiff returned $4,000 of the deposit fee on that application.

On or about January 2, 1980, plaintiff adopted a new schedule of fees and charges which was the same as that previously set forth herein except for the fact that the filing fee was amended to $10,000.

On or about March 17, 1980, defendant submitted a new singular curative amendment application for both tax parcels. At the time of the filing of this curative amendment an additional sum of $10,000 was deposited, once again noted by defendant's counsel to be filed in protest.

The curative amendment applications then outstanding of defendant were consolidated for hearings before the board of township supervisors and 16 public hearings were held. At those hearings, the township planning commission acted as an adversary party to defendant's applications as the party defending the validity of the township zoning ordinance. The planning commission employed the services of various individuals in opposition to defendant's application and presented their testimony upon the record in support of its position.

The following is a breakdown of the fees sought by plaintiff in this lawsuit:

A. Pickering, Corts & Summerson, Inc.
(Engineering fees—township engineers) . $ 3,152.51

B. Walter B. Satterthwaite Associates, Inc.
(Engineering fees—Engineers specially retained by the Solebury Twp. Planning Commission) . 17,589.82

C. Joseph Bauer
(Engineering fees—Contractor employed by Solebury Twp. Planning Commission)     490.00

D. Bucks County Planning Commission
(Consulting fees)     343.75

E. Carl L. Lindsay, Jr., Esq.
(legal fees—Township solicitor)     6,175.31

F. Hartzell & Bush, Esqs.
(Legal fees—Township solicitor)     980.00

G. Harris & Harris, Esqs.
(Legal fees—Solicitor to Solebury Township Planning Commission)     5,533.36

H. Advertising costs required by MPC     192.69

I. Advertising costs not required by MPC     286.81

J. Postage, supplies and photocopying costs     288.07

K. Hall & equipment rentals     261.00

L. Court stenographer's attendance and transcription fees     2,175.40

M. Township Supervisor's attendance at hearings     1,925.00

N. Four percent surcharge on above costs and fees     1,575.75

$40,969.47

Plaintiff bases its cause of action upon §618 of the Municipalities Planning Code, the Act of July 31, 1968, P.L. 805, Art. VI, §618, 53 P.S. 10618 which provides as follows:

"The governing body may appropriate from general funds moneys to finance the preparation, administration and enforcement of zoning ordinances, to finance the work of the zoning hearing board and to support or oppose, upon appeal to the courts, decisions of the zoning hearing board. For the same purposes, the government body may accept gifts

and grants of money and services from private sources and from the county State and Federal governments. *The governing body may prescribe reasonable fees to be charged with respect to the administration of a zoning ordinance."* (Emphasis supplied.)

The question, therefore, for disposition is whether those fees claimed by plaintiff in this case constitute "reasonable fees to be charged with respect to the adminstration of a zoning ordinance."

Although it is vigorously contested by the defendant, we are now satisfied that this section of the Municipalities Planning Code permits the municipality to impose various fees upon an applicant for curative amendment. Borough of Brookhaven v. BP Oil Co., 48 Pa. Commw. 128, 409 A.2d 494 (1979) held as a general principle that reasonable administrative fees may be assessed by a municipality for the administration of its zoning ordinance citing both Raum v. Tredyffrin Township Board of Supervisors, 29 Pa. Commw. 9, 370 A.2d 777 (1977) and Buckingham Township v. Yaroschuk, 4 D.&C. 3d 790 (1977), a Bucks County case. Buckingham Township v. Yaroschuk specifically and squarely held that §618 of the Municipalities Planning Code is applicable to curative amendment applications. See also Golla v. Hopewell Township Board of Supervisors, 69 Pa. Commw. 377, 452 A.2d 273 (1982) specifically citing Buckingham Township v. Yaroschuk for that proposition. Therefore, we are satisfied that §618 applies to curative amendment applications.

The question is, therefore, which, if any, of these claimed expenses may be imposed upon defendant.

We decide initially that those expenses attributable to the Solebury Township Planning Commission in its role as advocate in opposition to the applications are not properly imposed upon the

defendant. Nowhere in the Municipalities Planning Code do we find any authority in the Township Planning Commission to act as an advocate in a curative amendment proceeding in opposition to the application. On the contrary, it has repeatedly been held that the planning agency is intended to have advisory powers only. Blue Ridge Realty and Development v. Lower Paxton Township, 51 Pa. Commw. 349, 414 A.2d 737 (1980); Heck v. Zoning Hearing Board for Harveys Lake Borough, 39 Pa. Commw. 570, 397 A.2d 15 (1979) and Todrin v. Board of Supervisors of Charlestown Township, 27 Pa. Commw. 583, 367 A.2d 332 (1976). Therefore, without comment upon the propriety of the participation of the planning commission in this case, at the very least, the planning commission stood in no better position than any other private advisory party to these applications. In such posture, the fees and costs incurred by the planning commission cannot be considered to be reasonable fees charged with respect to the administration of the zoning ordinance. In each of the three sentences of §618 reference is made to "the governing body". In the first sentence it is provided that the governing body may appropriate from general funds moneys to finance the preparation, administration and enforcement of zoning ordinances and to finance the work of the zoning hearing board as well as to support or oppose decision of the zoning hearing board on appeal. It is further provided that the governing body may accept gifts and grants of money and services from various sources and lastly, relevant hereto, to prescribe reasonable fees to be charged with respect to the administration of the zoning ordinance. In this context, we hardly believe that such reasonable fees can be charged when incurred by a private litigant in opposition to a curative amendment. We do not

believe that they can be imposed upon the defendant in this case. Therefore, the claim for payment of the fees of Walter B. Satterthwaite Associates, Inc., Joseph Bauer, Bucks County Planning Commission, which was testimony sought by the Township Planning Commission in the presentation of its case in opposition to these applications, and Harris & Harris, Esqs. as counsel to the planning commission are not recoverable by the plaintiff.

We likewise believe that the costs of the township solicitor are not recoverable. The Commonwealth Court held in Borough of Brookhaven v. BP Oil Co., supra that the fees of the solicitor to the zoning hearing board were not recoverable under the provisions of §618. Plaintiff seeks to distinguish this case on the basis that it involved an application for a special exception and variance rather than a curative amendment. Plaintiff contends that the number of special exception and variance applications are somewhat predictable from past experience and therefore solicitor's fees can be anticipated in the enactment of the annual budget. On the other hand, plaintiff argues, the numbers of curative amendments are entirely unpredictable, are extremely lengthy and therefore cannot be predicted and anticipated in the township budget. In addition, plaintiff argues that the rewards of success in a curative amendment are so large that solicitor's fees in these cases should properly be charged to the applicant. While all of those arguments are extremely pursuasive, neither §618 nor Brookhaven carve out any such exception. In fact, Brookhaven provides that §618 allows a municipality to promulgate and charge zoning administration fees subject to the requirement that they be reasonable, citing both Raum and Yaroschuk. Once again, it must be borne in mind that Yaroschuk was a curative amendment

case. However, Brookhaven holds that while there is no question that the solicitor's costs were incurred in the administration of the zoning ordinances, it was not envisioned or intended by the legislature to be a "chargeable" administrative expense under §618. Therefore, we conclude that the fees of the township solicitor may not be charged to the defendant.

We do believe, however, that the costs of the court stenographer's attendance and transcription fees are properly chargeable. Defendant argues in reliance upon In re: Appeal of Martin, 33 Pa. Commw. 303, 381 A.2d 1321 (1978) that the stenographic transcript is mandated to be furnished by the municipality as a result of the provisions of §1008 (2) of the Municipalities Code. From that, defendant argues that such fees must be borne by the municipality. However, we believe this argument to be non-sequitur. Martin provides merely that upon appeal the municipality shall furnish a transcription of the hearing at its costs. It, however, does not address the application of §618 with regard to whether or not the municipality may recover those costs from the applicant. In this case, the resolution of the township with regard to the imposition of fees and costs specifically included stenographic costs. Section 618 is merely permissive but the township, in this case, has opted to implement it. Therefore, we are satisfied that the stenographic costs are properly chargeable to defendant.

The costs attributable to the township engineers are chargeable to defendant. Pickering, Corts & Summerson, Inc. rendered services in the sum of $3,152.51 which we believe are clearly attributable to the adminstration of the zoning ordinance. Raum so held.

We likewise believe the costs for advertising required by the MPC and the costs of postage, supplies and photocopying are likewise chargeable to defendant as being reasonable fees charged with the administration of the zoning ordinance. Therefore, defendant will be charged with the court stenographer's attendance and transcription fees of $2,175.40, postage, supplies and photocopying of $288.07 and the costs for advertising required by the MPC of $192.69.

The costs for advertising not required by the MPC of $286.81 are not properly chargeable and will be disallowed. Furthermore, the four percent surcharge of $1,175.75 will likewise be disallowed.

The charge for the hall and equipment rentals of $261 is likewise disallowed. There is no showing of any reason why a separate hall had to be engaged for the purpose of holding these hearings. Presumably this was done for the accommodation of the public. That being the case, we view it as a public responsibility of the township and not a charge properly attributable to the administration of the zoning ordinance. The same applies to the costs of renting amplification equipment. Those costs were incurred by virtue of the fact that the larger hall was utilized.

Lastly we disallow the charge for the township supervisors' attendance at the hearings of $1,925. Their attendance at those hearings was part of their official responsibilities for which they were elected. Their compensation is fixed by the second class township code and it is the responsibility of the taxpayers of the municipality to compensate them. Private litigants should no more be taxed for the costs of township supervisors acting in their quasi-judicial or even legislative functions than litigants should

be charged for the costs of judges in litigating matters before the courts.

In summation, therefore, we will herein order that plaintiff is entitled to recover the costs for advertising required by the MPC of $192.69, postage, supplies and photocopying costs of $288.07, court stenographer's attendance and transcription fees of $2,175.40, and township engineer charges of $3,152.51. Therefore, the plaintiff is entitled to recover a total of $5,808.67. As previously noted the defendant has counterclaimed for the return of his total deposit of $16,000. By setting off the sum of $5,808.67 which we deem recoverable by plaintiff against that counterclaim of $16,000 we will enter an award herein in favor of defendant and against plaintiff in the sum of $10,191.33.

## ORDER

And now, this March 4, 1983, it is hereby ordered that an award be entered in favor of defendant and against plaintiff in the sum of $10,191.33. If no exceptions are filed hereto within ten days of the date hereof the prothonotary is directed to enter judgment in that amount.