513 A.2d 300

Steward Groff, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs June 12, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*William G. Schwab,* for appellant.

*Michael L. Ozalas, Ozalas & McKinley,* for appellee.

OPINION BY JUDGE COLINS, August 28, 1986:

Steward Groff (appellant) seeks review of an order of the Court of Common Pleas of Carbon County which found him guilty of violating Ordinance No. 4-1968 (ordinance) of the Borough of Weissport.[1]

---

[1] Ordinance No. 4-1968 safeguards the health, safety, and welfare of borough residents by prohibiting the maintenance of nuisances on private property.

On July 17, 1984, appellant was given notice, pursuant to the ordinance, that he had five (5) days to remedy the open storage of an unlicensed and unregistered motor vehicle on his property. After the five-day grace period, appellant failed to remove the vehicle and was issued a citation.

Appellant was not represented by counsel at the summary hearing in which he was found guilty. At his *de novo* hearing, still unrepresented by counsel, appellant was again found in violation of the ordinance. After obtaining counsel, appellant's motion for post-trial relief was denied. Accompanying the denial of post-trial relief was the trial court's June 19, 1985, memorandum opinion which ordered appellant's sentence increased from Twenty five Dollars ($25.00) to Two Hundred Dollars ($200.00). The appeal from this order has been transferred to this Court from the Superior Court of Pennsylvania.

Appellant first contends that the ordinance is unconstitutional on its face and in its application to him because it does not validly and rationally serve the purpose of regulating nuisances in the promotion of the public health, safety and welfare. Appellant further argues that the trial court violated his Fifth Amendment and Pennsylvania Constitution rights (Article I, §10) by increasing his sentence after it had been pronounced.

Appellant's contention that the ordinance is unconstitutional must fail. Ordinances enjoy the presumption of validity and the challenger to constitutionality has the burden of proving that the ordinance was not related to the public health, safety, or welfare. *Blue Ridge Realty and Development Corporation v. Lower Paxton Township,* 51 Pa. Commonwealth Ct. 349, 414 A.2d 737 (1980). The ordinance in question clearly states that its direct purpose is "to safeguard and promote the health, safety and welfare of the citizens of the borough. . . ."

Keeping in mind the protection of borough residents from the potential health hazards that may result from the open storage of abandoned vehicles, "we are unable to say that the enacted zoning ordinance is not rationally related to a legitimate public end. . . ." *Blue Ridge Realty,* 51 Pa. Commonwealth Ct. at 352-353, 414 A.2d at 739.

However, we agree with appellant's second contention that the trial court erred when it increased his sentence after a lesser sentence was announced in open court. At the conclusion of the trial *de novo,* the court stated: "You have 10 days within which to do that (exercise post-trial motion or appeal)—if you don't, then the guilty verdict will stand and the fine will be imposed as set forth in the District Justice's transcript."

A review of the District Justice's transcript shows that a fine of Twenty five Dollars ($25.00) was imposed. Nevertheless, the trial court took it upon itself to raise the fine to Two Hundred Dollars ($200.00) after having stated it would impose the same fine as did the District Justice. In *Commonwealth v. Grady,* 309 Pa. Superior Ct. 187, 455 A.2d 112 (1982), it was held that the double jeopardy clause was violated when an orally-imposed initial sentence was increased after the sentencing hearing was completed.

An appeal from a summary conviction requires an adjudication of the defendant's guilt and imposition of sentence thereon without reference to the decision of the district court. *Jenkins v. Commonwealth of Pennsylvania,* 70 Pa. Commonwealth Ct. 241, 452 A.2d 1121 (1982). The Court of Common Pleas may, in a *de novo* hearing, increase or decrease the sentence imposed by the District Magistrate, based upon its discretion. *See Pennsylvania Liquor Control Board v. Latrobe Armed Services,* 16 Pa. Commonwealth Ct. 199, 329 A.2d 549 (1974). In the instant matter, the trial judge's reference

to the district court transcript was the imposition of sentence, and he was unauthorized to increase the sentence in his written opinion after it had already been orally imposed from the bench. *Grady.*

Accordingly, the sentence finally imposed by the trial judge is vacated and this matter remanded for the imposition of the original sentence, as initially pronounced in open court.

### ORDER

AND NOW, this 28th day of August, 1986, the June 19, 1985, order of the Court of Common Pleas of Carbon County, at No. 186 CR 84, convicting the appellant of violating Ordinance No. 4-1968 is hereby affirmed insofar as it relates to the conviction. The sentence of the trial court is vacated and the matter is remanded for sentencing consistent with this opinion.

Jurisdiction relinquished.

Senior Judge KALISH dissents.